

NUMBER 13-07-00555-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF ELSA, TEXAS,                                                      Appellant,

v.

JOEL HOMER GONZALEZ,                                                      Appellee.

## On appeal from the County Court at Law No. 1
## of Hidalgo County, Texas.

# O P I N I O N

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Opinion by Justice Rodriguez

This is an appeal from the denial of appellant City of Elsa's (the City) plea to the

jurisdiction and the granting of summary judgment in favor of appellee Joel Homer

Gonzalez. By three issues, the City contends that the trial court erred in denying its plea

because Gonzalez failed to establish jurisdiction under the Texas Whistleblower Act, the

Texas Public Information Act,[1] and the Texas Open Meetings Act. In its fourth issue, the City challenges the authority of the trial court to award attorney's fees. By its fifth issue, the City complains the trial court erred in making factual findings regarding the amount of damages and attorney's fees awarded to Gonzalez. We affirm, in part, and reverse and remand, in part.

## I. Background

Gonzalez was the city manager for the City of Elsa, Texas. In early 2003, Gonzalez and the city council discovered that a potential conflict of interest existed between the mayor's employment with the City and his employment as assistant director of the Hidalgo County Urban-County Program. On May 29, 2003, the city attorney issued an opinion concluding that there was, indeed, a conflict of interest. The opinion letter stated that the mayor's concurrent employment violated the common law doctrine of incompatibility and the Texas Constitution. The city council discussed the conflict of interest, as described in the opinion letter, at a properly posted meeting; at that meeting, they voted to accept the mayor's "ipso facto" resignation and relinquishment of his office.

Following the city council meeting, Gonzalez was directed by one of the council members to notify various county authorities and the public of the results of the meeting. Pursuant to those instructions, Gonzalez delivered a copy of the city attorney's opinion to the Hidalgo county judge, the director of the Hidalgo County Urban-County Program, the

---

[1] Throughout the briefing, the parties refer to the Texas Public Information Act interchangeably as the Texas Open Records Act and the Texas Public Information Act. They are one and the same. The Texas Public Information Act was formerly known as the Texas Open Records Act. *See Thomas v. Cornyn*, 71 S.W.3d 473, 478 (Tex.App.–Austin 2002, no pet.) (citing Act of May 29, 1995, 74th Leg., R.S., 1995 Tex. Gen. Laws 5127). Therefore, by labeling Gonzalez's claim, at various points, as an open records claim, the parties were likely referring to the Texas Public Information Act. For clarity's sake, we will refer to the statute as the Texas Public Information Act and refer to Gonzalez's claim under the act as his public information claim.

Hidalgo county district attorney, and a local newspaper. Gonzalez also informed each entity that the city council had decided to accept the mayor's resignation.

At a July 17, 2003 meeting, the city council terminated Gonzalez's employment, despite Gonzalez's informing the council that the City had violated the open meetings act by failing to post notice seventy-two hours before the meeting. Gonzalez appealed his termination pursuant to procedures in the city charter, but the city council denied his appeal. Gonzalez also made several public information requests to the City, asking for certain documents related to his termination.

On September 17, 2003, Gonzalez filed his original petition in County Court at Law No. 1 in Hidalgo County, alleging that, in connection with his termination and the events surrounding his termination, the City had violated the Texas Constitution, the whistleblower act, the public information act, and the open meetings act and asking for damages, injunctive relief, and attorney's fees. His petition included a demand for jury trial. Discovery then ensued for nearly three years. On May 18, 2006, the City filed a plea to the jurisdiction, charging that the county court had no subject-matter jurisdiction over Gonzalez's whistleblower, public information, or open meetings claims and challenging Gonzalez's standing to pursue injunctive relief. The court held a hearing and denied the City's plea on July 12, 2006.

On April 9, 2007, Gonzalez filed a motion for summary judgment and request for writ of mandamus. Gonzalez argued that the uncontested facts and evidence established as a matter of law that the City had violated the whistleblower, public information, and open meetings acts. On May 16, 2007, the court granted Gonzalez's motion and request.

On May 30, 2007, Gonzalez filed a motion for final judgment with attorney's fees, arguing that the court, rather than a jury, should make the determination regarding the

3

amount of damages and attorney's fees. The City responded, on June 6, 2007, by filing an objection to waiver of jury trial and entry of final judgment, countering that: a jury was necessary to determine the amount of damages and fees; Gonzalez had failed to mitigate his lost wages damages; and Gonzalez failed to provide sufficiently specific evidence of his attorney's fees. On June 7, 2007, the court heard argument from both parties regarding damages and attorney's fees.

On June 8, 2007, the court entered final judgment in favor of Gonzalez. The judgment awarded Gonzalez: (1) actual damages of $148,384.80 in back pay; (2) pre and post-judgment interest; (3) $104,815.98 in attorney's fees; and (4) all other costs of court. The court did not award Gonzalez the mandamus, injunctive, or declaratory relief available under the public information or open meetings acts. *See* TEX. GOV'T CODE ANN. §§ 551.141-.142, 552.321-.3215 (Vernon 2004). The judgment finally disposed of all parties and claims.

The City filed a motion for new trial, which the court denied on July 25, 2007. This appeal ensued.

## II. Discussion

In its first issue, the City contends that the trial court lacked jurisdiction over Gonzalez's whistleblower claim.[2] Within that jurisdictional issue, it also appears that the City is attempting to negate Gonzalez's summary judgment evidence, even though the City never expressly ties its arguments to the summary judgment issue. Because the jurisdictional and summary judgment arguments are intertwined within the same issue, we

---

[2] Because, in its final judgment, the trial court only awarded damages available under the whistleblower act and because Gonzalez did not cross-appeal or otherwise complain of the court's failure to award the types of relief available under the public information and open meetings acts, we conclude, for purposes of this appeal, it is unnecessary to reach Gonzalez's second and third issues. *See* TEX. R. APP. P. 47.1.

4

will address those arguments by subject matter rather than by numbered issue.  *See* TEX. R. APP. P. 47.1.  After resolution of the jurisdictional and summary judgment issues, we will then consider the City's fourth and fifth issues regarding attorney's fees and damages.

A.  <u>Jurisdiction</u>

By its first issue, the City complains that the trial court erred in denying its plea to the jurisdiction because the trial court allegedly had no subject matter jurisdiction over Gonzalez's claim under the Texas whistleblower act.  *See* TEX. GOVT. CODE ANN. §§ 554.001-.010 (Vernon 2004).

1.  Standard of Review

"A plea to the jurisdiction challenges the trial court's authority to consider the subject matter of a claim."  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law and is subject to de novo review.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When reviewing a trial court's ruling, we will consider the plaintiff's pleadings and factual assertions and the evidence submitted by the parties relevant to the jurisdictional issue. *Bland*, 34 S.W.3d at 555.

2.  Whistleblower Act Claim

The City contends the trial court lacked jurisdiction under the whistleblower act.  The City claims that Gonzalez failed to allege facts sufficient to confer jurisdiction because the action reported by Gonzalez was not a violation of law for purposes of the act.  *See* TEX. GOV'T CODE ANN. § 554.002 (Vernon 2004).  The City also claims that Gonzalez did not report the action to an appropriate law enforcement authority, which also negated jurisdiction under the act.  *Id*.

5

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction" under the whistleblower act. *Miranda*, 133 S.W.3d at 225-26. Under the act, "[s]overeign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter." TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004). To establish waiver of immunity and, thus, subject matter jurisdiction, "the plaintiff must (1) be a public employee, and (2) allege a violation *of this chapter*." *State v. Lueck*, No. 06-1034, 2009 WL 1817240, at *4 (Tex. June 26, 2009) (citing TEX. GOV'T CODE ANN § 554.0035) (emphasis in original); *see also Tex. Dep't of Transp. v. Garcia*, 243 S.W.3d 759, 763 (Tex. App.–Corpus Christi 2007, pet. filed) . "The standard for a 'violation of this chapter' appears in section 554.002(a), which provides that the governmental entity 'may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a *violation of law* by the employing governmental entity or another public employee to an appropriate law enforcement authority." *Id*. at *3 (citing TEX. GOV'T CODE ANN. § 554.002(a).

It is uncontroverted that Gonzalez was an employee of the City, a public employer accountable under the whistleblower act. *See* TEX. GOV'T CODE ANN. § 554.001(2),(4) (Vernon 2004). Moreover, Gonzalez's pleadings and factual assertions and the jurisdictionally-relevant evidence produced by the parties show that Gonzalez alleged a violation of the act. The pleadings include allegations that Gonzalez hand-delivered the city attorney's opinion letter—which included an analysis of why the mayor's concurrent employment was a conflict of interest that violated both the common law and Texas Constitution—to the Hidalgo county judge and district attorney. The pleadings also allege that the City violated the open meetings act by failing to provide seventy two hours notice of the meeting in which it terminated Gonzalez's employment and that Gonzalez informed

the city council of this violation. Gonzalez's deposition affirms his delivery of the opinion letter to the authorities and his belief that the contents of the letter communicated to those authorities that the mayor was in violation of the law by retaining employment with both the City and the Hidalgo County Urban-County Program. Based on the foregoing, we conclude that the City waived its immunity and the trial court had subject matter jurisdiction over Gonzalez's whistleblower claim because Gonzalez was a public employee and he sufficiently alleged that the City terminated him for making a good-faith report, to appropriate law enforcement authorities, of conduct by the City and its officials that was a violation of law. *See Lueck*, 2009 WL 1817240, *4;[3] *Garcia*, 243 S.W.3d at 763. We overrule the City's first issue to the extent it relates to the trial court's jurisdiction over Gonzalez's whistleblower claim.

B. <u>Summary Judgment</u>

Within its first issue, the City also appears to challenge the trial court's granting of Gonzalez's summary judgment.

1. Standard of Review

We review de novo a trial court's summary judgment decision. *Guillaume v. City of Greenville*, 247 S.W.3d 457, 460 (Tex. App.–Dallas 2008, no pet.). "The movant has the burden to establish there are no material issues of fact." *Jackson v. Tex. Dep't of Pub.*

---

[3] In *Lueck*, the supreme court held that a plaintiff failed to confer jurisdiction on the trial court because (1) he alleged regulatory non-compliance violations and violations of internal policies, not violations of law, and (2) he reported the alleged violation to his supervisor who could not have acted to regulate or enforce the violated law. *State v. Lueck*, No. 06-1034, 2009 WL 1817240, at *6-7 (Tex. June 26, 2009). The facts of our case are distinguishable. Here, Gonzalez reported violations of, among other things, the Texas constitution and open meetings act, both of which comport with the definition of "law" under the act. *See* TEX. GOV'T CODE ANN. § 554.001 (Vernon 2004) (defining "law" as a "state or federal statute," "an ordinance of a local government entity," or "a rule adopted under a statute or ordinance."). Moreover, by delivering the opinion letter to the county judge and district attorney and reporting his open meetings concern to the city council, Gonzalez reported the violations to appropriate law enforcement authorities. *See* TEX. GOV'T CODE ANN. § 554.002(b)(1).

*Safety*, 243 S.W.3d 754, 757 (Tex. App.–Corpus Christi 2007, pet. denied). We will take as true evidence favorable to the non-movant and indulge "every reasonable inference" in its favor. *Id*. "A matter is conclusively established if reasonable people could not differ as to the conclusions drawn from the evidence. *Id*.

2. Analysis

The record before us shows no material issues of fact with regard to Gonzalez's whistleblower claim. To obtain summary judgment on this claim, Gonzalez had the burden to establish (1) that he was a public employee, (2) that the City was a state or local government entity, (3) that Gonzalez reported, in a good faith, a violation of law (4) to an appropriate law enforcement agency, and (5) that his report was the cause of the City's decision to terminate his employment. *See* TEX. GOV'T CODE ANN. § 554.002(a) (Vernon 2004); *Guillaume*, 247 S.W.3d at 461. Gonzalez established each of the elements as a matter of law.

It is uncontroverted that Gonzalez was a public employee and that the City was a local government entity governed by the act. *See* TEX. GOV'T CODE ANN. § 554.001(2), (4). The City appears to dispute whether the actions reported by Gonzalez were violations of law and whether Gonzalez made his reports to appropriate law enforcement. However, these are questions of law.[4] *See Town of Flower Mound v. Teague*, 111 S.W.3d 742, 762 (Tex. App.–Fort Worth 2003, pet. denied) (op. on reh'g). Based on the evidence presented

---

[4] This Court has held that whether a report is made to appropriate law enforcement is a question of fact. *Casteneda v. Tex. Dep't of Agric.*, 831 S.W.2d 501, 504-05 (Tex. App.–Corpus Christi 1992, pet. denied). Although this holding has never been expressly overturned by a subsequent case, its reasoning has been superceded by statute. In 1995, the legislature amended the whistleblower act to include a definition for "appropriate law enforcement authority." Act of May 25, 1995, 74th Leg., R.S., 1995 Tex. Gen. Laws 3812. When a term is defined under the statute, it presents a question of law to the court. *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 274 (Tex. App.–Fort Worth 2002, no pet.). Because "appropriate law enforcement authority" is now defined by the whistleblower act, we will analyze it as a matter of law. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 317 (Tex. 2002) (addressing construction of "appropriate law enforcement authority" under the whistleblower act as a question of law).

to the trial court on summary judgment, we conclude, as a matter of law, that Gonzalez made a good faith report of a violation of law to appropriate law enforcement authorities when he informed the county judge and district attorney of the mayor's conflict of interest in being employed by both the Hidalgo County Urban-County Program and the City and reported directly to the city council that the City had violated the open meetings act by posting notice less than seventy-two hours before the meeting. See TEX. GOV'T CODE ANN. § 554.002(a)-(b).[5]

The City also claims, for the first time on appeal, that fact issues remain as to whether Gonzalez's reports were the cause of his termination. However, we will not address this argument because "[i]ssues not expressly presented to the trial court" by written response to the motion for summary judgment "shall not be considered on appeal as grounds for reversal."[6] *See Teter v. Comm'n for Lawyer Discipline*, 261 S.W.3d 796, 798-99 (Tex. App.–Dallas, no pet.) (citing TEX. R. CIV. P. 166a(c)). We, therefore, refuse to disturb the trial court's granting of summary judgment based on the City's belated argument on causation.

We do not find error in the trial court's decision to grant Gonzalez's motion for summary judgment with regard to his whistleblower claim. The City's first issue, in so far as it relates to Gonzalez's motion for summary judgment, is overruled.

---

[5] Under the act, a law enforcement authority is "appropriate" if the "authority is part of a state or local government entity . . . that the employee in good faith believes is authorized to . . . regulate under or enforce the law alleged to be violated . . . ." *See* TEX. GOV'T CODE ANN. § 554.002(b)(1).

[6] Although it made a cursory argument regarding causation at the end of the May 9, 2007 summary judgment hearing, the City did not seek leave of the court to supplement its response to include its causation argument and no supplemental response was on file with the court seven days prior to the hearing. *See* TEX. R. CIV. P. 166a(c). As such, the City's response to the causation issue was never properly before the trial court. *See id*.

## C. Authority to Award Attorney's Fees

In its fourth issue, the City complains that the trial court had no authority to award attorney's fees to Gonzalez. More specifically, the City argues that Gonzalez was not entitled to attorney's fees because he did not prevail on any of his claims. We disagree.

A prevailing plaintiff in a whistleblower claim is entitled to recovery of reasonable attorney's fees. TEX. GOV'T CODE ANN. § 554.003(a)(4) (Vernon 2004) ("A public employee" who is terminated "in violation of Section 554.002 is entitled to sue for . . . reasonable attorney fees."); *see City of Houston v. Levingston*, 221 S.W.3d 204, 237 (Tex. App.–Houston [1st Dist.] 2006, no pet.). The City contends that Gonzalez did not establish he was entitled to attorney's fees under the whistleblower act because he did not establish a violation of the act. But as previously discussed, the trial court properly granted Gonzalez's motion for summary judgment. By prevailing in his motion for summary judgment, Gonzalez established that the City terminated his employment because of his good faith report of a violation of law to appropriate law enforcement authority in violation of the whistleblower act. *See* TEX. GOV'T CODE ANN. § 554.002. We, therefore, conclude that the trial court did not err in determining that Gonzalez was entitled to attorney's fees on that basis.[7] *See* TEX. GOV'T CODE ANN. § 554.003(a)(4).

We overrule the City's fourth issue.

## D. Waiver of Jury on Damages and Attorney's Fees

In its fifth and final issue, the City complains that the trial court erred in making factual findings on Gonzalez's damages and attorney's fees because the City objected to

---

[7] Having affirmed Gonzalez's motion for summary judgment on its whistleblower grounds alone, we need not address Gonzalez's entitlement to attorney's fees under the public information and open meetings acts. *See* TEX. R. APP. P. 47.1.

Gonzalez's jury waiver on those issues. In the alternative, the City also argues that Gonzalez failed to prove he mitigated his lost wages damages and provided insufficient evidence to support the amount of attorney's fees awarded.

1. Standard of Review and Applicable Law

We review a trial court's denial of a jury demand for abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). We examine the entire record in an abuse of discretion review. *Id*. An abuse of discretion exists only "when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles." *Id*.

Under the Texas rules of civil procedure, when a party "has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection" of the adverse party. TEX. R. CIV. P. 220. "[T]he trial court may not remove the case from the jury docket" if such an objection has been made. *Rhyne*, 925 S.W.2d at 666.

2. Analysis

Here, Gonzalez demanded a jury trial in his original petition and paid the jury fee. After the trial court granted his motion for summary judgment, Gonzalez filed a motion, on May 30, 2007, requesting that the court, rather than a jury, determine the amount of damages and attorney's fees. The City filed an objection to waiver of jury trial and entry of summary judgment on June 6, 2007. In its objection, the City demanded that all factual issues still remaining, including the amount of damages and attorney's fees, be submitted to a jury. Because the City lodged an objection to Gonzalez's jury waiver, Gonzalez was not permitted to remove his damages and fees issues from the jury docket, and we

11

conclude the trial court abused its discretion in removing the issues and deciding the amount of damages and fees. *See* TEX. R. CIV. P. 220; *Rhyne*, 925 S.W.2d at 666.

Gonzalez argues on appeal that the trial court did not err in determining damages and fees because the City's objection to waiver of jury was untimely. Gonzalez contends that, because the City filed its objection on June 6, 2007, only one day before the June 7, 2007 hearing, the objection was too late. However, Gonzalez cites no authority, and we find none, designating an absolute deadline for such an objection. In fact, in similar situations, courts have refused to take cases off the jury docket when the objection was filed as late as the day of trial. *See Ill. Employers Ins. Co. of Wausau v. Lewis*, 582 S.W.2d 242, 245-56 (Tex. Civ. App.–Beaumont 1979, writ ref'd n.r.e.) (refusing to withdraw the case from the jury docket where the defendant objected "at the time of trial" and demanded a jury trial on the issue of damages); *Rainwater v. Haddox*, 544 S.W.2d 729, 732 (Tex. Civ. App.–Amarillo 1976, no pet.) (holding that the trial court was not authorized to remove a case from the jury docket because counsel for defendant "*appeared for trial and objected to the removal . . . .*") (emphasis added); *cf. Flores v. Gutschow*, No. 13-00-556-CV, 2001 WL 1590510, at *5 (Tex. App.–Corpus Christi Dec. 13, 2001, pet. denied) (noting that, in a case in which the defendant failed to object to waiver, if an objection had been made "prior to the beginning of the bench trial," the defendant could have prevented the case from being removed from the jury docket). We, therefore, refuse to endorse the trial court's decision to remove Gonzalez's case from the jury docket on the basis of Gonzalez's allegations that the City's objection was untimely. The City's objection preserved its right to have a jury hear the factual disputes over the amount of damages and fees to which Gonzalez was entitled. *See Lewis*, 582 S.W.2d at 245-46.

The City's fifth issue is sustained.

Because we are remanding the damages and attorney's fees portion of the trial court's judgment, we do not reach the City's arguments that Gonzalez failed to prove mitigation and provided insufficient evidence of attorney's fees.

## III. Conclusion

We affirm the trial court's denial of the City's plea to the jurisdiction and granting of Gonzalez's motion for summary judgment. We reverse and remand the trial court's award of damages and attorney's fees for further proceedings in accordance with this opinion.

NELDA V. RODRIGUEZ
Justice

Opinion delivered and filed
this 9th day of July, 2009.