CITY OF ELSA, Texas, Petitioner,

v.

Joel Homer GONZALEZ, Respondent.

No. 09–0834.

Supreme Court of Texas.

Oct. 1, 2010.

Rehearing Denied Dec. 17, 2010.

J. Arnold Aguilar, Aguilar Law Firm, Brownsville, TX, for Petitioner.

Miguel A. 'Michael' Pruneda Jr., The Pruneda Law Firm, P.L.L.C., Pharr, TX, Mario A. Barrera, Erica E. Valladares, Bracewell & Giuliani LLP, San Antonio, TX, for Respondent.

PER CURIAM.

Joel Homer Gonzalez sued the City of Elsa, alleging he was unlawfully terminated from his position as city manager in violation of the Texas Whistleblower Act. *See* TEX. GOV'T CODE § 554.002. The trial court denied the City's plea to the jurisdiction and the court of appeals affirmed. The court of appeals determined that Gonzalez in good faith reported violations of law by both the mayor and the city council to appropriate law enforcement authorities sufficient to come within the Whistleblower Act's waiver of governmental immunity.

We disagree. We reverse the court of appeals' judgment and dismiss the cause for lack of jurisdiction.

In early 2003, Gonzalez was Elsa's city manager and Tony Barco was its mayor. After Barco was appointed assistant director of the Hidalgo County Urban County Program (HCUCP), the city attorney issued an opinion letter addressing conflicts of interest that might exist if Barco served in the positions concurrently. In the opinion letter the city attorney stated that under the common-law doctrine of incompatibility and under the Texas Constitution, Barco *ipso facto* resigned from and relinquished his position as mayor upon assuming the HCUCP position and that Barco's *ipso facto* resignation mooted any potential conflicts of interest. Based on the city attorney's letter, the city council voted to accept Barco's implied resignation as mayor.

Following the city council meeting, Gonzalez was directed by one of the council members to notify various county authorities and the public of the results of the meeting. Pursuant to those instructions, Gonzalez delivered a copy of the city attorney's letter to the Hidalgo County judge, the director of the HCUCP, the Hidalgo County district attorney, and a local newspaper. He informed each entity that the city council had accepted the mayor's resignation.

Notice was posted on July 14, 2003 for a meeting to be held on July 17, at which Gonzalez's employment status was the only item to be considered. In preparing the notice for the meeting, the city secretary typed "TUESDAY THE 17th DAY OF JULY 2003" on the meeting notice instead of "THURSDAY THE 17th DAY OF JULY 2003." Two days before the meeting, the word "Tuesday" was crossed out on the posted notice and the word "Thursday" was added; the date remained unchanged.

At the July 17 meeting, Gonzalez verbally objected to the meeting and argued it would be illegal because the Texas Open Meetings Act requires seventy-two hours notice of a meeting. The record before us does not make clear at what point in the meeting Gonzalez made his objection, but in any event the city council held the meeting and terminated Gonzalez's employment. The reason given was "No confidence to administer the City as a result of the City's financial conditions."

Gonzalez sued the City, alleging that it had violated the Open Meetings Act, the Texas Public Information Act, and the Texas Whistleblower Act. He sought damages, injunctive relief, and attorney's fees. The City filed a plea to the jurisdiction, asserting the trial court lacked jurisdiction over all of Gonzalez's claims. The trial court held a hearing on the plea, then denied it. Gonzalez later filed a motion for summary judgment that the trial court granted. The trial court rendered final judgment in favor of Gonzalez for back pay damages and attorney's fees.

The City appealed. One of its arguments was that Gonzalez failed to establish that the trial court had jurisdiction. The court of appeals held the trial court had jurisdiction over Gonzalez's Whistleblower Act claim[1] and affirmed. 292 S.W.3d 221. In this Court, the City continues to assert

---

1. Gonzalez asserts in his brief on the merits that the trial court also awarded him damages under the Texas Open Meetings Act. However, the court of appeals concluded that the trial court only awarded damages under the Whistleblower Act and noted that Gonzalez did not cross-appeal or otherwise complain of the trial court's failure to award other relief. 292 S.W.3d 221, 225 n.2. Gonzalez has not sought review of the court of appeals' determination, so we address only the issue presented by the City.

the trial court lacked jurisdiction over Gonzalez's Whistleblower Act claim because he failed to allege that he made a good-faith report of a violation of law by another public employee or governmental entity to an appropriate law enforcement authority. *See* TEX. GOV'T CODE §§ 554.001–.010.

The Whistleblower Act provides that "a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002(a). If the suspension, termination, or adverse personnel action occurs within ninety days of the employee's report, then a rebuttable presumption arises that the employer's action was because the employee made the report. *Id.* at § 554.004(a). Governmental immunity is waived for violations of the Whistleblower Act, so the elements of section 554.002(a) can be considered in determining both jurisdiction and liability. *State v. Lueck*, 290 S.W.3d 876, 883 (Tex.2009); *see* TEX. GOV'T CODE § 554.0035.

■ Whether a court has jurisdiction is a question of law that is reviewed *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence in the record that is relevant to the jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). When considering the pleadings, we construe them liberally in favor of the plaintiffs, look to the pleader's intent, and determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction. *Miranda*, 133

S.W.3d at 226. The Whistleblower Act waives the City's immunity from suit for Gonzalez's claim if Gonzalez alleged sufficient facts to establish that he was a public employee and he in good-faith reported a violation of law by the City or another public employee to an appropriate law enforcement authority. *See Tex. Gov't Code* § 554.002; *Lueck*, 290 S.W.3d at 882–83 (Tex.2009).

■ The relevant factual allegations in Gonzalez's petition are that he was serving as city manager when he

> in good faith reported to appropriate law enforcement authorities including the Elsa City Commission, Hidalgo County Judge, [HCUCP], Texas Municipal League, an Assistant District Attorney, and the District Attorney activities that he in good faith believed were violations of the laws, ordinances, and other rules by the governmental entity and its officials. [Gonzalez] reported illegal acts of the mayor, and other acts of the City Council that were in violation of the Texas Open Meetings Act.

These conclusory pleadings do not provide sufficient jurisdictional facts to determine if the trial court had jurisdiction. *See Lueck*, 290 S.W.3d at 882, 884 (holding that the plaintiff's pleadings cannot stand on mere reference to the Whistleblower Act and/or bare allegations without giving jurisdictional facts sufficient to establish the section 554.002 elements).

■ Even though Gonzalez's pleadings do not sufficiently allege jurisdictional facts, before his claim is dismissed for want of jurisdiction we will look to the arguments and evidence the parties presented relevant to the existence of jurisdictional facts. *See Blue*, 34 S.W.3d at 555 (noting that a court deciding a plea to the jurisdiction must look at the evidence when necessary to resolve jurisdictional

issues). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court was correct in denying the plea to the jurisdiction. *Miranda,* 133 S.W.3d at 227–28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court should rule on the City's plea to the jurisdiction as a matter of law. *Id.* at 228.

A report of a violation of law under the Whistleblower Act must be in "good faith." TEX. GOV'T CODE § 554.002. This means that Gonzalez must have believed he was reporting conduct that constituted a violation of law and his belief must have been reasonable based on his training and experience. *See Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 320 (Tex.2002). In his brief, Gonzalez claims he reported a violation of law on two separate occasions. The first was when he delivered the city attorney's letter to the four entities and complained to them that the mayor was violating the law by continuing to act as mayor while holding an incompatible job with HCUCP. The second was when he objected to the city council meeting because proper notice had not been given. We will address each purported report in turn.

In regard to delivery of the city attorney's letter, Gonzalez pled that he reported "illegal acts" of the mayor, but he did not specify what those illegal acts were. In his brief he asserts that the illegal action he believed he was reporting was the city attorney's conclusion that the Mayor had violated the law by accepting a position with HCUCP while continuing to serve as mayor. However, Gonzalez's deposition testimony and the other evidence conflicts with his appellate assertions. During his deposition, Gonzalez repeatedly testified about the city council's actions, not the mayor's. He specified what he believed he was reporting when he delivered the city attorney's letter to the entities: "[I] was reporting what the council— the action that the council took based on the attorney's opinion. And if the attorney is saying that the mayor—that they had the right to accept the mayor's resignation then I'm assuming that's in the law as his opinion stated." He testified later in his deposition that the activities he reported were those he had been instructed to report: the actions of the city council. Gonzalez did not at any point testify that he believed he was reporting the mayor had acted illegally. Nor is there other evidence he believed he was reporting that the mayor acted illegally.

In support of Gonzalez's claim that he reported a violation of law by reporting the mayor held incompatible positions, as opposed to reporting the City Council's decision to accept the mayor's resignation, he points to an affidavit submitted as an exhibit to his motion for summary judgment. But in the affidavit Gonzalez stated, consistent with his deposition testimony, "I believe that my employment was terminated as City Manager because I made reports of what I believed were illegal acts *by the City Council.*" (emphasis added). In the affidavit Gonzalez averred that the city attorney issued an opinion the mayor was "in violation of Texas law" and Gonzalez "proceeded to report the violations." But Gonzalez did not explain what those violations were and the city attorney's letter, which was also attached to the motion for summary judgment, clearly does not contain an allegation or opinion that the mayor violated any laws by accepting the position with the HCUCP. Rather, the city attorney concluded in the letter that the common-law doctrine of incompatibility and the Texas Constitution effected Barco's *ipso facto* resignation and relinquishment of the mayor's office upon

accepting the HCUCP position, so any conflict of interest concern was moot. The only specific reference Gonzalez made to a violation of law by the mayor based on the city attorney's letter was a statement during his deposition that "if [Barco] *remained* as mayor I would assume it would be in violation of that state statute or what was involved." (emphasis added).

Gonzalez's testimony and affidavit reflect that when he circulated the city attorney's letter as he had been instructed to do immediately after the city council voted to accept Barco's implied resignation, Gonzalez did not believe the mayor had violated any laws.[2] Assuming that when he made the reports Gonzalez believed Barco might violate laws in the future if he remained as mayor, it does not follow that he made a good-faith report of an existing or past violation of law. *See Lueck*, 290 S.W.3d at 885 (noting that "prediction of possible regulatory non-compliance" in the future does not equate to reporting a violation of law).

We conclude the record establishes that by distributing the city attorney's letter and reporting the city council's acceptance of Barco's resignation, Gonzalez did not in good faith report a violation of law.

■ We next address Gonzalez's claim that he was terminated for reporting the city council's alleged violation of the Open Meetings Act.[3] He bases this claim on his informing the council that its meeting violated the Texas Open Meetings Act because the incorrect day of the week for the meeting had appeared on the initial meeting notice.

One element of a Whistleblower Act claim is that a claimant must have reported a violation of law to an "appropriate law enforcement authority."[4] Tex. Gov't Code § 554.002(a). An entity is an appropriate law enforcement authority if it is "part of a state or local governmental entity or of the federal government that the employee in good-faith believes is authorized to (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." *Id.* § 554.002(b); *see Needham*, 82 S.W.3d at 319 (holding that the entity must have the authority to regulate, enforce, investigate, or prosecute the particular law that the employee reported had been violated; general authority is not enough).

The Open Meetings Act provides civil remedies for violations of its meeting-notice requirements. *See* Tex. Gov't Code §§ 551.141–.142.[5] Any action taken by a governmental body in violation of the Open Meetings Act is voidable, and "an interested person ... may bring an action by mandamus or injunction to stop, prevent,

---

2. We do not address the issue of whether the persons and entities to whom Gonzalez reported when he delivered the city attorney's letter were appropriate law enforcement authorities under the Whistleblower Act or whether he had a good faith belief they were.

3. The parties dispute whether the city council violated the Open Meetings Act. Because we conclude that Gonzalez's report was not made to an appropriate law enforcement authority, we need not address the issue. We note, however, that an actual violation of law is not required by the Whistleblower Act. The Act requires only a good-faith belief that a

violation of law has occurred. *See* Tex. Gov't Code § 554.002(a).

4. In its plea to the jurisdiction, the City asserted that Gonzalez did not report a violation of law to an "appropriate law enforcement authority." Although the parties do not address the issue in their briefs, we must consider it sua sponte because it is a jurisdictional matter. *See Lueck*, 290 S.W.3d at 883.

5. Criminal penalties are also available for violations of certain Open Meetings Act provisions not at issue in this case. *See* Tex. Gov't Code §§ 551.143–.146.

or reverse a violation of threatened violation." *Id.* at §§ 551.141–.142(a). The city council's being required to comply with the Open Meetings Act does not equate to its having authority to "regulate under or enforce" those provisions as to itself. *See id.* § 554.002(b)(1).

In the court of appeals, Gonzalez argued that the city council was an appropriate law enforcement authority because the council members had the authority to postpone or recommend postponement of the meeting until such a date that would comply with the seventy-two hour notice requirement. But the Whistleblower Act's limited definition of a law enforcement authority does not include an entity whose power is not shown to extend beyond its ability to comply with a law by acting or refusing to act or by preventing a violation of law by acting or refusing to act. *See id.* § 554.002(b); *see also Needham*, 82 S.W.3d at 321 (holding that the statutory definition's limiting language does not include an employer's power to regulate and investigate employee's conduct in order to internally discipline employees for an alleged violation); *Duvall v. Tex. Dep't of Human Services*, 82 S.W.3d 474, 481–82 (Tex.App.-Austin 2002, no pet.) (holding that the authority to take remedial action does not equate to the authority to regulate under, enforce, prosecute, or investigate a violation of law).

In addition, Gonzalez fails to address or point to evidence that he had a good-faith belief the city council had authority under the Open Meetings Act to regulate, enforce, prosecute, or investigate its own alleged violation of the Act apart from its inherent authority to simply decide not to meet. *See Needham*, 82 S.W.3d at 320–21 (holding that the Whistleblower Act applies if the employee had a good-faith, reasonable belief that the report was made to an appropriate law enforcement authority). In the absence of other evidence, the fact that Gonzalez believed the city council had the authority to postpone the meeting or otherwise prevent an alleged violation of the Open Meetings Act from occurring does not satisfy either the objective or subjective components of a good-faith belief that the city council was an appropriate law enforcement authority as defined in section 554.002(b). *See id.* at 321; *see also Duvall*, 82 S.W.3d at 481–82.

We conclude that Gonzalez did not report his concerns about an Open Meetings Act violation to an appropriate law enforcement authority. Nor did he provide evidence that he had a good-faith belief the city council was an appropriate law enforcement authority. Nor did he report a violation of law when he delivered the city attorney's letter to the four entities. Gonzalez did not satisfy the jurisdictional requirements of the Whistleblower Act as a matter of law. The trial court thus lacked jurisdiction over his claim. We reverse the court of appeals' judgment and dismiss the case.