

# NUMBER 13-15-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DENNIS L. AMBROSE,**                                                    **Appellant,**

**v.**

**CITY OF BROWNSVILLE, TEXAS
& THE CITY OF BROWNSVILLE
PUBLIC UTILITY BOARD,**                                              **Appellees.**

### On appeal from the 103rd District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides

By one issue, appellant Dennis L. Ambrose appeals the trial court's granting appellees, the City of Brownsville (the City) and the City of Brownsville Public Utility Board's (BPUB), plea to the jurisdiction.   We affirm.

## I.     BACKGROUND

Ambrose sued the City and BPUB, political subdivisions of the state, related to BPUB's efforts to dredge and restore various resacas[1] throughout the city, including the portion of one resaca abutting, and allegedly part of, Ambrose's property.  Ambrose alleged in his second amended original petition (his live petition) that by entering his property with the dredging equipment, BPUB violated his rights under:   the Texas Constitution, article I, section 19; 42 U.S.C. section 1983; the Private Real Property Rights Preservation Act; and the Texas Water Code section 11.035.[2]

Subsequently, the City and BPUB filed its first amended plea to the jurisdiction, answer, and counterclaim against Ambrose. After Ambrose amended his original petition, the City and BPUB filed a second amended plea to the jurisdiction alleging that the trial court was without subject matter jurisdiction to consider any of Ambrose's claims.

After holding a hearing on the City and BPUB's plea, the trial court granted the plea to the jurisdiction and dismissed all of Ambrose's claims.   This interlocutory appeal followed.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2015 R.S.) (conferring appellate jurisdiction when a trial court grants or denies a plea to the jurisdiction by a governmental unit).

## II.     PLEA TO THE JURISDICTION

By his sole issue, Ambrose asserts that the trial court erred in granting the City's

---

[1] "Resacas are former channels of the Rio Grande found in the southern half of Cameron County." Charles M. Robinson III, *Resacas*, HANDBOOK OF TEXAS ONLINE, https://tshaonline.org/handbook/online/articles/rbrnp (last visited April 4, 2016).

[2] Ambrose also appeared to plead a cause of action for trespass, but his counsel orally conceded at a hearing before the trial court that sovereign immunity barred such an action.

and BPUB's plea to the jurisdiction.

## A. Applicable Law and Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Subject-matter jurisdiction is essential to a court's power to decide a case. *Id.* 554–55. Whether a court has jurisdiction is a question of law that is reviewed de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence in the record that is relevant to the jurisdictional issue. *City of Elsa*, 325 S.W.3d at 625.

We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate incurable defects in jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should be afforded the opportunity to amend. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 226–27. However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do so. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact

3

finder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* at 228.

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Id.* at 224. Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability. *Id.* Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction. *Id.*

## B. Discussion

Construing Ambrose's pleadings liberally, he alleges several claims in his second original petition, which we will analyze to determine whether he has properly invoked the trial court's subject-matter jurisdiction.

### 1. Due Course of Law

First, Ambrose claims that his rights were violated by the City and BPUB under article I, section 19 of the Texas Constitution and seeks recovery of actual damages.[3] The referenced article and section of the Texas Constitution states that "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19.

---

[3] In his brief, Ambrose argues that he asserted an inverse condemnation cause of action under article I, section 17 of the Texas Constitution. *See* TEX. CONST. art. I, § 17. However, our review of Ambrose's second amended original petition does not support such an argument. In his pleading, Ambrose only alleged that his rights were violated under article I, section 19 of the Texas Constitution, not under article I, section 17. Accordingly, we will solely review whether the trial court possessed subject-matter jurisdiction over Ambrose's article I, section 19 claim.

4

We construe this particular claim alleged by Ambrose as a procedural due course of law claim. The state constitution's due course of law provision requires, at a minimum, notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001). Thus, a plaintiff alleging a procedural due process takings claim must establish that he was deprived of notice and an opportunity to be heard with respect to a decision affecting his property rights. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998). However, the due process provisions of the Texas Constitution do not provide a cause of action for damages, but only for direct claims seeking equitable relief. *See, e.g., City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex. 1995); *Patel v. City of Everman*, 179 S.W.3d 1, 13 (Tex. App.—Tyler 2004, pet. denied); *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 469 (Tex. App.—Fort Worth 1997, writ denied). Thus, a trial court is without subject-matter jurisdiction when a plaintiff brings a due process claim requesting monetary damages. *Id.* at 468–69. Because Ambrose alleges a due process violation claim and seeks monetary damages, the trial court lacks subject-matter jurisdiction to hear it. *Id.*

### 2. Section 1983

Second, Ambrose alleges violations under Title 42 of the United States Code section 1983. *See* 42 U.S.C.A. § 1983 (West, Westlaw through P.L. 114–115 (excluding 114–95)) (providing a civil action under federal law for a taking under the Fifth Amendment to the United States Constitution). However, the Texas Supreme Court has held that a state remedy for bringing an inverse condemnation claim exists under article I, section 17 of the Texas Constitution, and a property owner may not make a claim for relief for just compensation under the federal constitution until he has sought just compensation

5

through the state procedure and been denied just compensation. *Town of Flower Mound v. Stafford Estates Ltd. Partnership*, 135 S.W.3d 620, 645–46 (Tex. 2004) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985)). As a result, Ambrose's claims under section 1983 are unripe because he has failed to bring a claim under article I, section 17, which deprives the trial court of subject-matter to hear it. *See id.*

### 3. Texas Private Real Property Rights Preservation Act

Ambrose's pleading next asserts violations under the Private Real Property Rights Preservation Act (PRPRPA). *See* TEX. GOV'T CODE ANN. §§ 2007.001–.045 (West, Westlaw through 2015 R.S.). Under this statutory scheme, immunity to suit and liability against the government is waived and abolished, *see id.* § 2007.004, no later than the 180th day after the date the private real property owner knew or should have known that the governmental action restricted or limited the owner's right in the private real property. *See id.* § 2007.021. The 180-day time limit to filing suit under the PRPRPA is jurisdictional. *See Hidalgo Cty v. Dyer*, 358 S.W.3d 698, 707–08 (Tex. App.—Corpus Christi 2011, no pet.).

Ambrose alleges in his pleading that the incidents giving rise to his claims took place "long before" March 18, 2013, when Ambrose's attorney notified the City and BPUB in writing of his opposition to the dredging project. Even if we were to utilize the March 18, 2013 date alleged by Ambrose, the 180th day deadline to file suit would have been September 14, 2013, which was fifty-one days prior to Ambrose's original petition filed on November 4, 2013. Therefore, because Ambrose did not comply with the jurisdictional 180-day filing deadline, the trial court was deprived subject-matter jurisdiction to hear this

6

claim.   *See id.*; *see also* TEX. GOV'T CODE ANN. § 2007.021.

### 4. Property Code

Next, Ambrose alleges that the City and BPUB "failed to properly condemn" his property as required by sections 21.012 through 21.016 of the property code.   Sections 21.012 through 21.016 of the property code govern the procedures for how an entity with eminent domain authority may exercise such power.   *See* TEX. PROP. CODE ANN. §§ 21.012–.016.   After liberally construing Ambrose's pleading, he claims that the City and BPUB, not state officials, failed to follow the proper eminent domain procedures as outlined in the property code.   Further, Ambrose asserts that section 2007.021 provides a waiver to immunity to such a claim to bring it within the trial court's subject matter jurisdiction.   We disagree.   Section 2007.003 of the government code expressly states that the PRPRPA does not apply to "a formal exercise of the power of eminent domain." *See* TEX. GOV'T CODE ANN. § 2007.003(b)(8).   Therefore, because Ambrose erroneously cites a provision that does not waive governmental immunity under his asserted section 21.012 and 21.016 claim—nor do we find any—the trial court was without subject-matter jurisdiction to hear this claim.

### 5. Water Code

Lastly, Ambrose asserts a claim against the City and BPUB under section 11.035 of the water code.   *See* TEX. WATER CODE ANN. § 11.035 (West, Westlaw through 2015 R.S.).   The relevant portion of section 11.035 states the following:

> (a)    An appropriator may obtain rights-of-way over private land and may obtain the land necessary for pumping plants, intakes, headgates, and storage reservoirs by condemnation.

(b)    The party obtaining private property by condemnation shall cause damages to be assessed and paid for as provided by the statutes of this state relating to eminent domain.

*Id.*  Like Ambrose's claims under chapter 21 of the property code, no waiver of immunity exists to allow a private cause of action for damages related to a governmental entity's purported failure to comply with these provisions.  Because no waiver exists, immunity deprives a trial court of subject matter jurisdiction to hear this claim as well.  *See Miranda*, 133 S.W.3d at 224.

**6. Summary**

In light of the foregoing conclusions, we hold that the trial court was without subject-matter jurisdiction to hear Ambrose's claims.   We overrule Ambrose's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
28th day of April, 2016.