# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00273-CV

**William Anthony Brubaker, Appellant**

**v.**

**Patricia Byrne Brubaker, Appellee**

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 17-0199-F425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

William Anthony Brubaker, pro se, appeals the trial court's final divorce decree dissolving his marriage to appellee Patricia Byrne Brubaker.[1]  Because the trial court improperly denied William a jury trial, we reverse the portion of the decree dividing the parties' property and remand that issue for a new trial.  We sever the remainder of the decree, including the portion granting the divorce, and affirm the severed portion.

### BACKGROUND

The parties were married April 13, 2014.  There are no children of the marriage. Patricia filed for divorce in January 2017 on the ground of insupportability, alleging "verbal abuse" and "discord or conflict of personalities."  She also sought a temporary restraining order

---

[1]  We will refer to the parties by their first names because they have the same surname.

and injunction. Patricia's petition included a request for a jury trial, and she paid the appropriate jury fee.

On September 11, 2017, the court heard Patricia's motion to enter temporary orders. At the hearing, Patricia asked the court to set the case for trial. After some discussion off the record, the judge stated, "I'm going to go ahead and set the final trial date for December 11, 2017, at 9:00 in the morning." The transcript does not indicate whether the trial was to be before a jury or to the court or that either party waived a jury trial.

On November 14, William filed a motion for enforcement by contempt and order to appear, complaining that Patricia did not move all of his separate personal property from her residence as ordered by the court and alleging "theft [and] willful civil and criminal contempt." Six days later, William filed two motions for continuance—one regarding the hearing on the motion for enforcement of contempt, which had not been set, and the other regarding the final trial. William refiled these continuance motions as amended the next week, and the trial court entered a show-cause order for Patricia to appear for a hearing on the motion for enforcement of contempt on the same date as the final trial.

On December 6, 2017—five days before the trial date—Patricia filed a "Withdrawal of Request for Trial by Jury," pleading, "Plaintiff hereby withdraws her request for a jury trial, and further requests that all issues of fact and law be tried before the Court, on the Final Trial Date set by the Court for December 11, 2017." On December 8, 2017, William filed an objection to Patricia's motion to withdraw on the basis of Rule of Civil Procedure 220, contending that withdrawal of the cause from the jury docket "would deprive [him] of right to trial before jury" and that Patricia had "failed to serve [him] fair notice" of her withdrawal request.

2

At the beginning of trial December 11, 2017, the court swore in the witnesses that each party intended to call and then took up William's continuances. During this discussion, the parties argued the jury-trial issue. William argued to the court that a "jury was requested and the fees paid, and [Patricia] files a motion to do without a jury at a late hour . . . I barely had a chance to reply to that." He further argued, "I think there's a rule . . . [t]hat once it's filed for a jury, you can't—she can't pull it without my approval" and "the jury could decide the division of property, the heinous manner in which my stuff has been treated, and take those things into consideration of the final award or division of property." After William argued a few other issues, the court stated, "So on September 11, 2017, you-all set this for a bench trial before me. I'm prepared to go forward on a bench trial. As to the jury issue, there's no issue that could be properly presented to a jury." The court then denied William's motion for continuance and proceeded to try the case.

After the trial, the court announced its ruling granting the divorce and dividing the property. After the trial court signed the final divorce decree, William filed a motion for new trial complaining, among other things, of the trial court's denial of his right to a jury trial.

## DISCUSSION

William raises various complaints on appeal, the primary one being that the trial court abused its discretion in depriving him of his right to a jury trial. He additionally complains about temporary orders, the denial of his motion for enforcement and contempt, the denial of his motions for continuance, and certain evidentiary rulings. In general, however, Williams fails to support his issues with substantive arguments or citations to authorities in his briefing and has, thus, waived them. *See* Tex. R. App. P. 38.1(i) (requiring "argument for the contentions made, with appropriate citations to authorities and to the record"); *see also, e.g.*, *Davis v. American*

3

*Express Bank, FSB*, No. 03-12-00564-CV, 2014 WL 4414826, at *3 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) (noting that "[a]ppellate issues must be supported by argument and authority, and if they are not so supported, they are waived" (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983))). Nonetheless, we read William's briefing liberally and attempt to address his arguments as best as we can, recognizing that he is held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties, *see McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.), while addressing only those issues necessary for disposition of this appeal, *see* Tex. R. App. P. 47.1.

### *Right to jury trial*

William complains that the trial court erred in proceeding with a bench trial over his objection after a "jury trial [had been] requested and [the] jury fee [had been] paid." We review the trial court's denial of a party's perfected right to a jury trial over the party's objection for an abuse of discretion. *See Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 410 (Tex. App.— San Antonio 1994) (holding that trial court abused its discretion in holding bench trial over pro se party's objection and absent her assent to removal of case from jury docket), *writ denied*, 924 S.W.2d 156 (Tex. 1996) (per curiam); *see also Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (reviewing related issue of denial of jury demand for abuse of discretion). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules and principles. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017). A trial court has no discretion to misapply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

4

In her original petition, Patricia requested a jury trial and paid the requisite fee. Texas Rule of Civil Procedure 220 provides, "When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested." Tex. R. Civ. P. 220. Patricia filed her withdrawal of jury request five days before trial, and William responded by written objection filed with the court two days later. William objected to withdrawal of the cause from the jury docket on the basis of Rule 220, contending that withdrawal of the cause from the jury docket "would deprive [him] of right to trial before jury" and also that Patricia had "failed to serve [him] fair notice" of her withdrawal request.

A party may rely on another party's jury request and paid jury fee, and once the case has been set on the jury docket, it cannot be withdrawn over the objection of an adverse party. *See id.*; *Caldwell v. Barnes*, 154 S.W.3d 93, 98 (Tex. 2004) ("When a party timely demands a jury and pays the fee, the trial court may not remove the case from the jury docket over the objection of the opposing party."); *Rhyne*, 925 S.W.2d at 666–67 (same); *City of Elsa v. Gonzalez*, 292 S.W.3d 221, 229–30 (Tex. App.—Corpus Christi-Edinburg 2009) (holding that trial court erred in removing cause from jury docket over objection of defendant), *rev'd on other grounds*, 325 S.W.3d 622 (Tex. 2010); *Cardenas*, 894 S.W.2d at 410 (concluding that trial court did not have discretion to hold bench trial absent defendant's assent to removal from jury docket where right to jury trial had been "perfected" by plaintiff's demand in original petition and payment of fee); *see also Illinois Emp. Ins. Co. of Wausau v. Lewis*, 582 S.W.2d 242, 245–46 (Tex. Civ. App.—Beaumont 1979, writ ref'd n.r.e.) (reversing and remanding where plaintiff had requested jury trial and paid fee but later requested that cause be removed from jury docket and defendant, after receiving notice of removal, objected to withdrawal of cause from jury docket and paid jury

5

fee); *Roberts v. Mullen*, 417 S.W.2d 74, 77 (Tex. App.—Dallas 1967) ("It is well settled that when one party demands a trial by jury and pays the required jury fee, the right thus secured to him inures to all other parties to the suit."), *aff'd*, 423 S.W.2d 576 (Tex. 1968).

"The right to jury trial is one of our most precious rights" in American jurisprudence, *see General Motors Corp v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997), preserved in the Constitution, *see* Tex. Const. art. 1, § 15 ("The right of trial by jury shall remain inviolate."), and codified in law, *see* Tex. Fam. Code § 6.703 ("In a suit for dissolution of marriage, either party may demand a jury trial . . . ."); *see also Taylor v. Taylor*, 63 S.W.3d 93, 98–99 (Tex. App.—Waco 2001, no pet.) (party to divorce proceeding has constitutional right to jury trial). Against this jurisdictional background, we consider William's contention that he was deprived of this fundamental right.

The record shows that William clearly objected to Patricia's attempted withdrawal of the case from the jury docket, both in a written pleading and at the final trial. The record does not show that the jury fee was refunded or that the trial court signed an order granting Patricia's jury-withdrawal request. Rather, at the final trial, the trial court declared that the parties had previously set the cause for a bench trial and impliedly overruled William's objection to withdrawal from the jury docket by proceeding with a bench trial. However, the record does not support the trial court's statement that the parties "set this [case] for a bench trial." Moreover, given William's filed objection and renewal thereof at the final hearing, we conclude that the trial court abused its discretion in proceeding with a bench trial after William's right to a jury trial had been perfected and over his objection. *See* Tex. R. Civ. P. 220; *Caldwell*, 154 S.W.3d at 98.

Additionally, William did not waive his right to a jury trial by participating in the bench trial after the trial court impliedly overruled his objection to removal of the cause from the

6

jury docket, and the record does not indicate that he otherwise knowingly waived his right to a jury trial. *See Browning v. Holloway*, 620 S.W.2d 611, 617 (Tex. App.—Dallas) (on motion for rehearing) (holding that plaintiffs did not waive right to jury trial by participating in non-jury hearing where plaintiffs objected to proceeding on grounds that they were denied right to jury trial), *writ ref'd n.r.e.*, 626 S.W.2d 485 (Tex. 1981) (per curiam); *Coleman v. Sadler*, 608 S.W.2d 344, 346–47 (Tex. App.—Amarillo 1980, no writ) (holding that party did not waive right to jury trial by participating in bench trial after he received court's ruling denying his demand for jury trial); *see also Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014) (noting that waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right"). Also, William preserved his complaint by filing a written objection, beginning his argument at the final hearing by reiterating his objection, and filing a motion for new trial complaining about the issue. *See* Tex. R. App. P. 33.1 (providing how error is preserved for appellate review).

Because we conclude that the trial court's denial of William's right to a jury trial was an abuse of discretion, we next determine whether the court's error was harmful and requires reversal. *Rhyne*, 925 S.W.2d at 667. The wrongful denial of a jury trial is deemed harmful when the case contains material fact questions. *See id.*; *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (per curiam) ("A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified."); *Olson v. Texas Commerce Bank*, 715 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). At the final hearing, William argued that the following were contested issues of material fact: valuation of the parties' assets, the amount of marital debt, and entitlement to reimbursement. *See Rhyne*, 925 S.W.2d at 667 ("The dispute between [the parties] is replete with

material fact questions. Therefore, the denial of the jury trial was harmful error and requires reversal."). Patricia's counsel contended that Patricia had used her separate property to pay down community debt and was entitled to reimbursement therefor; William contested that Patricia was entitled to reimbursement and asserted that, rather, he was entitled to reimbursement for paying debts on her separate property. He also contended that he and Patricia disagreed about the value of his separate real estate and that he had witnesses who would testify about Patricia's mistreatment of his separate property during the divorce proceedings, which would affect the court's equitable division of the estate. The record demonstrates that there were contested issues of material fact, which bear on the trial court's equitable division of property. *See Marr v. Marr*, 905 S.W.2d 331, 333–34 (Tex. App.—Waco 1995, no writ) (noting that jury's findings on factual issues underlying division of marital estate, such as characterization and valuation of assets, "are conclusive"). William was entitled to have these material fact issues resolved by a jury, and we deem as harmful error the trial court's denial of that right. *See Rhyne*, 925 S.W.2d at 667. We accordingly sustain William's first issue and hold that he is entitled to a new trial on the issues of property division.[2]

Having determined that the trial court erred in denying William a jury trial on the contested issues of property division that he raised below, we are authorized to affirm and sever the judgment of divorce and remand solely for a new trial on property division. *See McClary v.*

---

[2] The trial court did not make express findings of fact about property valuation, reimbursement, or amount of community debt—contested, material fact issues that impliedly affected its equitable division of property. Therefore, William's general appellate complaint about the denial of a jury trial, coupled with the material fact issues that existed and he identified at trial, preserved his complaint for appeal. *Cf. In re M.V.G.*, 440 S.W.3d 54, 65 (Tex. App.—Waco 2010, no pet.) (holding that appellant's failure to challenge trial court's specific finding that he had committed statutory ground supporting termination of parental rights foreclosed appellate complaint that material question of fact existed on issue and should have been decided by jury).

*Thompson*, 65 S.W.3d 829, 839 (Tex. App.—Fort Worth 2002, pet. denied) (affirming and severing divorce decree granting divorce and reversing and remanding division of improperly characterized asset); *Smith v. Smith*, 22 S.W.3d 140, 153 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (reversing and remanding trial court's decision on division of community estate but affirming and severing remainder of judgment); *Herschberg v. Herschberg*, 994 S.W.2d 273, 277 (Tex. App.—Corpus Christi-Edinburg 1999, no pet.) (noting that appellate court has authority to affirm and sever issue of divorce and remand solely for re-division of property). Regarding William's remaining issues, to the extent we understand the basis of those complaints, we conclude that they are inadequately briefed, and he has thus waived them. *See* Tex. R. App. P. 38.1(i)

## CONCLUSION

With respect to the contested factual issues pertaining to property division, we hold that the trial court abused its discretion in denying William a jury trial over his objection after his right to a jury trial had been perfected. Accordingly, we reverse the portion of the final divorce decree dividing the parties' property and remand this cause for a new trial on property division. We affirm and sever the remainder of the divorce decree, including the portion granting the parties' divorce.

_____
Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana
  Concurring and Dissenting Opinion by Justice Goodwin

Severed and Affirmed in Part; Reversed and Remanded in Part

Filed: November 21, 2019