

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00297-CV

Hetul **BHAKTA** DBA Budget Inn,
Appellant

v.

**TEXAS DEPARTMENT OF TRANSPORTATION**,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 11-04-15888-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Jason Pulliam, Justice

Delivered and Filed:  April 20, 2016

AFFIRMED

Appellant Hetul Bhakta D/B/A Budget Inn filed suit alleging causes of action of negligence and constitutional inverse condemnation and nuisance arising from the flooding of his business. Bhakta appeals the trial court's final judgment in which it incorporates a previous order granting the Texas Department of Transportation's ("TxDOT") plea to the jurisdiction. We affirm the trial court's final judgment.

**UNDISPUTED FACTS AND PROCEDURAL BACKGROUND**

Bhakta owns and operates a business, Budget Inn, located along U.S. Highway 281 in Falfurrias, Texas. TxDOT contracted with Ballenger Construction Company to complete a roadway construction project on Highway 281 close to Bhakta's hotel. During construction, the area experienced severe rain storms. Water runoff from the storms caused flooding of Bhakta's business.

Bhakta filed suit alleging the lack of connection between the old and the new drainage systems during construction considerably increased the storm-water runoff onto his property and caused three flooding events. Bhakta sued TxDOT,[1] asserting causes of action of negligence under the Texas Tort Claims Act ("TTCA") and inverse condemnation and nuisance under the Texas Constitution. *See* TEX. CONST. art. I, § 17; TEX. CIV. PRAC. & REM. CODE ANN. § 101 (West Supp. 2015). TxDOT filed a plea to the jurisdiction contending the inverse condemnation clause within Article I, Section 17 of the Texas Constitution is not applicable and arguing it retained immunity from suit on Bhakta's negligence cause of action.

The trial court granted TxDOT's plea to the jurisdiction with regard to all three causes of action. After entry of final judgment, Bhakta perfected this appeal.

**STANDARD OF REVIEW**

*Plea to the Jurisdiction*

Subject matter jurisdiction is essential to a court's power to adjudicate a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The issue whether a trial court has subject matter jurisdiction is a question of law for the court to determine and is reviewed *de*

---

[1] Bhakta also sued Ballenger, who is not a party to this appeal.

*novo. Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

A plea to the jurisdiction is a dilatory plea which challenges a trial court's authority to determine the subject matter of an asserted cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). While the claims may form the context in which a dilatory plea is raised, a plea to the jurisdiction should be decided without delving into the merits of the case. *Id*. The purpose of a dilatory plea is to establish a reason why the merits of a plaintiff's claims should never be reached, and should not be used to force a plaintiff to preview their case on the merits. *Id*.; *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 308 (Tex. App.— Houston [1st Dist.] 2001, no pet.).

Upon analysis of a jurisdictional plea, when a plea to the jurisdiction challenges the plaintiff's pleadings, the court must determine if the plaintiff alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226; *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007) (affirming holding "a plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless and until a court determines that the plea is meritorious."). The pleadings must be construed liberally in favor of conferring jurisdiction and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226; *Koseoglu*, 233 S.W.3d at 839–40. Should a court determine the pleading is deficient, the plaintiff must be given the opportunity to amend, unless amendment would be futile. *Miranda*, 133 S.W.3d at 226; *Koseoglu*, 233 S.W.3d at 839–40. The plea to the jurisdiction may be granted only if the pleading, even after amendment, does not state a cause of action or contain sufficient facts upon which to invoke the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226; *Koseoglu*, 233 S.W.3d at 839–40.

Any other jurisdictional challenge is to the existence of jurisdictional facts. When a plea to the jurisdiction challenges the existence of jurisdictional facts, if necessary, the court may look beyond the plaintiff's pleadings and consider the relevant evidence submitted. *Miranda*, 133 S.W.3d at 227; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. Should determination of subject matter jurisdiction require examination of evidence, the trial court must exercise discretion whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case. *Miranda*, 133 S.W.3d at 227; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555.

If the court concludes the jurisdictional issue should be determined before proceeding with the case, the court should hear evidence only as is necessary to determine its jurisdictional authority. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. This examination of a plea to the jurisdiction generally mirrors the standard of review employed in summary-judgment review under Texas Rule of Civil Procedure 166a(c). *Miranda*, 133 S.W.3d at 227–28; *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234, 241 (Tex. App.—San Antonio 2012, pet. denied). First, the movant must assert the absence of subject-matter jurisdiction and present conclusive proof that the trial court lacks subject-matter jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 227–28. The defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *Miranda*, 133 S.W.3d at 228; *Porretto v. Patterson*, 251 S.W.3d 701, 711 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Proof is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *Church v. City of Alvin, Texas*, 01-13-00865-CV, 2015 WL 5769998, at *4 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.). If the movant satisfies this burden, the non-movant must show a disputed material fact issue exists regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228; *see Huckabee v. Time Warner*

*Entm't Co. L.P.*, 19 S.W.3d 413, 420 (Tex. 2000); *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999).

In evaluating the evidence presented, the court must take as true all evidence favorable to the non-movant, and resolve any doubts and indulge every reasonable inference in the non-movant's favor. *Miranda*, 133 S.W.3d at 228. The court does not look to the merits of the cause of action, but considers only the pleadings and the evidence relevant to the jurisdictional inquiry. *Id.*; *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 242.

If examination of the evidence relevant to jurisdiction reveals a fact issue with regard to jurisdiction exists, then the plea must be denied and the issue resolved by the fact finder. *Miranda*, 133 S.W.3d at 227–28; *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 241; *see also Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 338 (Tex. App.—San Antonio 2010, no pet.). Likewise, if evidence relevant to jurisdiction is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court must rule on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228; *see also City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 241. This determination of a trial court's jurisdiction based upon undisputed facts is also reviewed *de novo*. *Miranda*, 133 S.W.3d at 228.

### *Sovereign Immunity*

"A unit of state government is immune from suit and liability unless the state consents." *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 926–27 (Tex. 2015) (quoting *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)). A governmental entity's sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *Ryder Integrated Logistics, Inc.*, 104 S.W.3d at 927. Thus, the doctrine of sovereign immunity prohibits suits

against a governmental entity unless there has been a clear and unambiguous constitutional or statutory waiver of that immunity. *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 341 (Tex.), *cert. denied,* 525 U.S. 1017 (1998); *Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 388 (Tex. App.—Fort Worth 2008, no pet.). Sovereign immunity is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 224–26; *City of San Antonio v. De Miguel*, 311 S.W.3d 22, 25 (Tex. App.—San Antonio 2010, no pet.).

Accordingly, when sovereign immunity is asserted within a plea to the jurisdiction, the burden is on the governmental entity to first assert and establish with conclusive evidence that the trial court lacks subject matter jurisdiction based upon immunity. *Miranda*, 133 S.W.3d at 228; *see also City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 241. If the governmental entity satisfies this burden of proof, the non-movant must show a fact issue exists whether the governmental entity waived immunity. *Miranda*, 133 S.W.3d at 228; *see also City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 241.

ISSUE ONE: INVERSE CONDEMNATION CAUSE OF ACTION

Bhakta contends the trial court erred by granting TxDOT's plea to the jurisdiction on his inverse condemnation cause of action because he raised sufficient issues of material fact whether his property was taken intentionally by TxDOT without compensation. Specifically, Bhakta contends his property was flooded several times, and based upon this recurrence of flooding events, TxDOT knew its actions caused damage to his property. Therefore, TxDOT acted intentionally by failing to rectify the cause of flooding. Bhakta contends these issues of fact must be determined by the fact finder, and therefore, seeks reversal of the trial court's order granting TxDOT's plea to the jurisdiction.[2]

---

[2] To the extent necessary to invoke jurisdiction, this court concludes Bhakta satisfied the pleading requirement to demonstrate subject matter jurisdiction. *See Koseoglu*, 233 S.W.3d at 839–40.

*Applicable Law*

Article I, Section 17 of the Texas Constitution ("the inverse condemnation clause") provides, in part: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." TEX. CONST. art. I, § 17. The premise of the inverse-condemnation constitutional protection is the government should not "'forc[e] some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" *Steele v. City of Houston*, 603 S.W.2d 786, 789 (Tex. 1980) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)). To demonstrate a constitutional inverse condemnation, the landowner must show: (1) the State intentionally performed certain acts in the exercise of its lawful authority (intent); (2) that resulted in the taking, damaging, or destroying of property (causation); and (3) for public use (public use). *Gen'l Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001); *Steele*, 603 S.W.2d at 791.

Thus, the Texas Constitution provides the opportunity for a landowner whose property has been damaged or destroyed without adequate compensation to bring an inverse condemnation claim to recover the resulting damages. *Little-Tex Insulation Co.*, 39 S.W.3d at 598; *Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex. 1992). The inverse condemnation clause, thus, waives sovereign immunity from suit "for the taking, damaging or destruction of property for public use." *Steele*, 603 S.W.2d at 791. To defeat a government entity's plea to the jurisdiction based upon immunity, a landowner must establish a fact issue with regard to waiver of immunity. Therefore, if a plaintiff cannot raise a fact issue with regard to its inverse condemnation cause of action, there is no waiver of immunity, and the trial court lacks subject-matter jurisdiction. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013). To satisfy this burden, the landowner must raise a fact issue as to one of the elements of inverse condemnation: intent,

causation, *or* public use.  *See Miranda*, 133 S.W.3d at 226-228 (holding pleas to the jurisdiction generally follow summary judgment burden of proof); *but see Harris Cnty. Flood Control Dist. v. Kerr*, 13-0303, 2015 WL 3641517, at *2 (Tex. June 12, 2015), *reh'g granted* Feb. 19, 2016 (stating the landowner must establish a fact issue on all elements of inverse condemnation, contrary to common summary-judgment practice).

## *Application*

To begin, Bhakta challenges the trial court's order based solely on his contention he raised a fact issue on the element of intent.  Because Bhakta asserts he raised a fact issue on only one element, intent, this court must assume the evidence presented did not raise a fact issue as to the other two elements.  Therefore, this court will evaluate the arguments raised and evidence presented as to the intent element, only.

## *Sufficiency of Proof*

*TxDOT's Burden*:

In its plea to the jurisdiction, TxDOT challenged the court's subject-matter jurisdiction based upon its assertion of sovereign immunity from suit.  As the movant in the plea to the jurisdiction, TxDOT was required to meet the summary-judgment proof standard for its assertion that the trial court lacks jurisdiction.  Only upon satisfaction of this burden of proof would the burden shift to Bhakta.  *See Miranda*, 133 S.W.3d at 228; *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 241.  This court presumes TxDOT satisfied this initial burden because Bhakta does not raise any issue on appeal based upon TxDOT's failure to satisfy this burden.

*Bhakta's Burden: Waiver of Immunity-Requisite Intent:*

We begin analysis of the trial court's granting of TxDOT's plea to the jurisdiction with Bhakta's burden to show a material fact issue exists regarding the jurisdictional issue, that is, waiver of TxDOT's immunity.  Bhakta asserts on appeal that to satisfy this burden, he presented

evidence sufficient to establish a fact issue with regard to TxDOT's intent to cause identifiable harm. Bhakta contends this evidence raised a fact issue whether TxDOT knew the drainage system during construction was inadequate and was causing damage, yet did nothing to rectify the problem. With three separate flooding events on his property, Bhakta contends a fact issue exists whether TxDOT knew its actions caused damage, or should have acted to prevent continued flooding during rain storms.

A "taking" under the inverse condemnation clause is defined as, and is typically considered to be, a permanent "physical appropriation or invasion of property, or unreasonable interference with a landowner's right to use and enjoy the property." *DuPuy v. City of Waco*, 396 S.W.2d 103, 108–09 (Tex. 1965). To demonstrate the first of the three required elements of this cause of action, requisite intent, a plaintiff must show more than the government entity's acts themselves are intentional; the plaintiff must demonstrate the government entity either: (1) knows a specific act is causing identifiable harm; *or* (2) knows the specific property damage is substantially certain to result from an authorized government action. *Jennings*, 142 S.W.2d at 313; *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 555 (Tex. 2004), *holding modified by Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Texas), L.P.*, 449 S.W.3d 474 (Tex. 2014). The damage must be necessarily an incident to, or necessarily a consequential result of the government's action. *Jennings*, 142 S.W.2d at 313. Following, "[i]t is not enough that the act causing the harm be intentional—there must also be knowledge to a substantial certainty that the harm will occur." *Harris Cnty. Flood Control Dist.*, 2015 WL 3641517, at *2; *Church*, 2015 WL 5769998, at *5. If the damage is only an accidental result of the government's actions, there can be no intent to take the damaged property without compensation. *Jennings*, 142 S.W.3d at 313–14. Under this standard of proof, the fact that the government entity should have known the harm would occur is not sufficient to

satisfy the intent element; the government entity must possess actual knowledge. *Id*; *Harris Cnty. Flood Control Dist.*, 2015 WL 3641517, at \*2; *Church*, 2015 WL 5769998, at \*5.

Although not permanent, a "taking" can occur by flooding of property. *Howard v. City of Kerrville*, 75 S.W.3d 112, 117 (Tex. App.—San Antonio 2002, pet. denied). "In the case of flood-water impacts, recurrence is a probative factor in determining the extent of the taking and whether it is necessarily incident to authorized government activity, and therefore substantially certain to occur." *Tarrant Reg'l Water Dist.*, 151 S.W.3d at 555; *see Brazos River Auth. v. City of Graham*, 354 S.W.2d 99, 107 (Tex. 1961). While nonrecurrent flooding may cause damage, a single flood event does not generally rise to the level of a taking. *See Brazos River Auth.*, 354 S.W.2d at 108. "The recurrence requirement assures that the government is not held liable for taking property when a project's adverse impacts, and by implication its benefit to the public, are too temporal or speculative to warrant compensation." *Tarrant Reg'l Water Dist.*, 151 S.W.3d at 555.

To establish a taking by flood, a plaintiff must show the flooding occurred repeatedly or continuously. *Brazos River Auth.*, 354 S.W.2d at 107. The Texas Supreme Court established careful parameters of such an action, stating,

> the safer rule to follow is one requiring the plaintiff in actions such as this to establish definitely by evidence above the dignity of conjecture that the damage claimed is the result of a repeated and recurring injury rather than a sporadic one. Until a plaintiff is in [a] position so to establish the repetitious nature of the injury, he should be confined in his demand for damages to those flowing directly from the single injury or flooding.

*Id.* at 108.

In circumstances in which a government entity's negligent actions result in flooding, even recurrent flooding, such negligent action cannot support an inverse condemnation cause of action because any taking would not result in public benefit. *Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 537 (Tex. 2013). The government entity must know at the time the subject

government action is taken that damage to the plaintiff's property will occur or is substantially likely to occur. *Id.* Thus, any unknown or unanticipated flooding or damage that results from some government action cannot support the intent element. *Id.* Accordingly, this requisite intent at the time the act or plans are made must presuppose the flooding or the flooding must be a result of the operation as intended. *Id.*; *Tarrant Reg'l Water Dist.*, 151 S.W.3d at 555; *Brazos River Auth.*, 354 S.W.2d at 107–08.

*Bhakta Evidence Presented:*

Bhakta contends he presented a fact issue on the intent element of waiver of immunity through the deposition testimony of Danny Bhakta and Oscar Cancino, the TxDOT project manager.

In response to the plea to the jurisdiction, Bhakta provided excerpts of Danny Bhakta's deposition testimony in which he testified regarding the dates of three flooding events between March 2010 and May 2010, Danny Bhakta testified regarding the extent of flooding that occurred during the rain storms and the extent of repairs required as a result of the flooding. Danny Bhakta further testified that repairs were completed, only to have the business damaged again by subsequent flooding. Danny Bhakta testified TxDOT was aware of the multiple flooding events.

Oscar Cancino's deposition testimony addressed TxDOT's plans for the drainage system during construction of the roadway project and the cause of the flooding on Bhakta's property. Cancino testified TxDOT's plans for drainage during construction called for a continuous, connected pipe from the old drainage system to the "outfall point." Cancino testified that to construct the drainage system as planned, "the contractor is to begin at the outfall point and continuously lay down pipe in that manner and maintain drainage, which is connecting to your existing structures or pipes…." Cancino stated the flooding of Bhakta's property was caused by insufficient connectivity of the existing and proposed drainage systems, combined with greater

than normal rainfall and the direction of the water flow. One of the problem areas of disconnection, and the one that caused the flooding of Bhakta's property, occurred at the roadway close to Bhakta's hotel. The drainage system stopped at the roadway and did not include a causeway or connection for the water to get across the roadway and into the creek on the other side. This improper disconnection of the drainage system, combined with the "severity of the storm" caused run-off to back up and flood Bhakta's business. Cancino testified "the plans and specs of this project called for appropriate drainage to be in place during the construction"; however, the contractor missed this standard. Finally, Cancino testified the problem of the flooding of Bhakta's property was first brought to his attention in June 2010, after the May flood, and he began an investigation at that time.

*Conclusion*:

Danny Bhakta's testimony conclusively established that Bhakta's property was flooded on several occasions during heavy rain storms between March and May 2010. The severity, timing and extent of the flood damage is uncontested. However, this conclusive testimony does not pertain to Bhakta's burden of proof to establish the intent element.

With regard to the intent element, Cancino's testimony did not establish or raise a fact issue whether TxDOT knew when it drafted the plans for construction of the drainage system that flooding was substantially likely to occur. *See Tarrant Reg'l Water Dist.*, 151 S.W.3d at 555; *Brazos River Auth.,* 354 S.W.2d at 107. Cancino's testimony did not establish or raise a fact issue whether the flooding was a result of the operation as intended at the time it drafted the drainage-system plans. *See Kopplow Dev., Inc.*, 399 S.W.3d at 537. Rather, Cancino's testimony established TxDOT directed the drainage system to be constructed to direct water into an "outfall point"; however, diversion from the TxDOT plans by the contractor caused disconnections in the designed pipeline, resulting in flooding of Bhakta's property.

For these reasons, this evidence of TxDOT's knowledge that a failure of the drainage system caused water from the highway to flow onto Bhakta's property does not raise a fact issue with regard to TxDOT's intent to damage Bhakta's property. The evidence shows only at most that the flooding was an accident or the result of TxDOT's or the contractor's negligence. Accident or negligence cannot raise a fact issue on the intent element. *See Kopplow Dev., Inc.*, 399 S.W.3d at 537; *Jennings,* 142 S.W.3d at 313–14.

The recurrence of the flooding and TxDOT's knowledge of the recurrence could raise a fact issue with regard to the intent element if the flooding was necessarily incident to the construction of the roadway, and therefore, substantially certain to occur. *See Tarrant Reg'l Water Dist.*, 151 S.W.3d at 555; *Brazos River Auth.*, 354 S.W.2d at 107. However, it is also required that TxDOT know at the time it drafted the plans that the damage was substantially likely to occur. *See Tarrant Reg'l Water Dist.*, 151 S.W.3d at 555; *Brazos River Auth.*, 354 S.W.2d at 107. The evidence fails to address TxDOT's knowledge at the time the plans were drafted, and therefore, cannot raise a fact issue with regard to its intent as a matter of law.

For these reasons, Bhakta failed to raise a fact issue whether TxDOT intended to damage his property, and therefore, he failed to raise a fact issue whether TxDOT waived its immunity. *See Jennings*, 142 S.W.3d at 314. Absent a fact issue with regard to waiver of immunity, Bhakta failed to satisfy his burden of proof to defeat TxDOT's plea to the jurisdiction.

Therefore, this court must conclude immunity applied. Because TxDOT did not waive immunity under the inverse condemnation clause of the Texas Constitution, the trial court did not have subject matter jurisdiction over Bhakta's inverse condemnation cause of action. Therefore, the trial court did not err by granting TxDOT's plea to the jurisdiction with regard to Bhakta's inverse condemnation cause of action.

Bhakta's first issue is overruled.

## NUISANCE CAUSE OF ACTION

In his Third Amended Original Petition, Bhakta asserted a nuisance cause of action, alleging TxDOT's interference with the flow of surface waters constituted an invasion of his interest in the use and enjoyment of his land. Bhakta alleged TxDOT acted intentionally and/or unreasonably and was aware the flood damage would result, or was substantially certain to result, from its conduct. Bhakta did not plead a waiver of TxDOT's presumed immunity from this nuisance cause of action arising under the TTCA. In its response to TxDOT's plea to the jurisdiction and on appeal, Bhakta contends TxDOT may be held liable for the alleged nuisance because it rises to the level of a constitutional taking. For this reason, Bhakta contends the trial court erred by granting TxDOT's plea to the jurisdiction regarding this nuisance cause of action.

A governmental entity is immune from suit for its governmental actions, such as expansion of the State's highways, unless that immunity is waived. *Tex. Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 644 (Tex. 2004); TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(West Supp. 2015). Suit against a governmental entity for nuisance can be founded in Article I, Section 17 of the Texas Constitution or in the TTCA. *See Jennings*, 142 S.W.3d at 315–16; *see City of Abilene v. Downs*, 367 S.W.2d 153, 159 (Tex. 1963).

Therefore, to overcome TxDOT's assertion of immunity, Bhakta's nuisance cause of action must rise to the level of a constitutional taking. *Jennings*, 142 S.W.3d at 315–16; *Sunset Valley*, 146 S.W.3d at 644; *see* TEX. CONST. art. I, § 17.

This court previously concluded Bhakta failed to raise a fact issue as to the intent element of his inverse condemnation cause of action. For the same reasons, Bhakta failed to sufficiently raise a fact issue to defeat TxDOT's plea to the jurisdiction on his nuisance cause of action. *See Jennings*, 142 S.W.3d at 315–16. Therefore, the trial court did not err by granting TxDOT's plea to the jurisdiction.

Bhakta's second issue is overruled.

## NEGLIGENCE CLAIM[3]

In his Third Amended Original Petition, Bhakta asserted a negligence cause of action alleging TxDOT or Ballenger's negligent use of motorized-driven equipment in the road construction and in disconnecting the drainage system ultimately led to the flooding of Bhakta's property. Based upon these actions, Bhakta asserts TxDOT did not retain immunity from suit because the TTCA, Section 101.021(1) expressly waives immunity for such acts. On appeal, Bhakta contends the trial court erred by granting TxDOT's plea to the jurisdiction on his negligence cause of action due to this waiver of immunity under the TTCA.

### *Waiver of Immunity*

Bhakta asserted TxDOT waived immunity from suit under the TTCA, Section 101.021(1) (and we presume Section 101.025).

The TTCA creates a unique statutory scheme in which immunity from suit and immunity from liability are co-extensive: "Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (West Supp. 2015); *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 326 (Tex. 2002). Thus, a government entity is immune from suit unless the TTCA expressly waives immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025; *Texas Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

Section 101.021 of the TTCA expressly waives sovereign immunity when the action is based in "use of publicly owned automobiles." *Texas Nat. Res. Conservation Comm'n v. White*,

---

[3] In the court below, Bhakta raised two allegations of negligence. "Count 2—Negligence" in his Third Amended Original Petition addressed only Ballenger. Because Ballenger is not a party to this appeal, we address only Bhakta's pleadings with regard to "Count 1—Negligence in Operation of Motor Driven Equipment."

46 S.W.3d at 868; *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000)); *see* TEX. CIV. PRAC. & REM CODE ANN. § 101.021.  Section 101.021(1) of the TTCA states:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law;

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

Not all uses of motor-driven equipment are sufficient to waive immunity.  *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003).  To invoke a waiver based upon use of motor-driven equipment, there must be "a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries."  *Id*.  Motor-driven equipment does not cause injury if it does no more than furnish the condition that makes the injury possible.  *Id*.  Thus, the causal nexus is not satisfied by the mere involvement of a vehicle at some time in the alleged chain of events.  *City of Dallas v. Hillis*, 308 S.W.3d 526, 532 (Tex. App.—Dallas 2010, pet. denied).  "When an alleged cause is geographically, temporally, or causally attenuated from the alleged effect, that attenuation will tend to show that the alleged cause did no more than furnish the condition that made the effect possible."  *Id*.; *see also Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998).

Bhakta proffered evidence to show motor-driven equipment was used in the Highway 281 construction project and was used to disconnect the drainage system.  Bhakta did not proffer evidence to show the motor-driven equipment was owned by or operated by or at the direction of TxDOT.  Rather, the evidence shows it was not TxDOT's use of motor-driven equipment in the

course of the construction project that directly damaged Bhakta's property. The evidence presented shows the condition of the roadway under construction and the failure of the drainage system, combined with heavier than normal rain, led to the damage to Bhakta's property. The evidence does establish the use of motor-driven equipment resulted in a condition that caused injury, such as the disconnection of the drainage system. However, this use in the chain of events that resulted in flooding of Bhakta's property is not a sufficient nexus. *See City of Dallas v. Hillis*, 308 S.W.3d at 532.

Therefore, accepting Bhakta's evidence as true, this court must conclude the evidence presented does not adequately demonstrate a fact issue regarding whether a sufficient nexus existed between TxDOT's use of motor-driven equipment and the damage to Bhakta's property. Accordingly, we conclude the trial court did not err by granting TxDOT's plea to the jurisdiction with regard to Bhakta's negligence cause of action based upon operation of motor-driven equipment.

Bhakta's third issue is overruled.

## CONCLUSION

For the foregoing reasons, we conclude the trial court did not err by granting TxDOT's plea to the jurisdiction. Accordingly, the order of the trial court is affirmed.

Jason Pulliam, Justice