

NUMBERS 13-15-00517-CV and 13-15-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

BROOKS DITTO, BILLY PEMBLETON,
AND KARINA CASTANEDA,                                    Appellants,

v.

JUDITH CAMPOS AND JESSY CAMPOS,                          Appellees.

---

On appeal from the County Court at Law No. 1
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion by Justice Benavides**

In these consolidated interlocutory appeals, we are asked to determine whether the trial court erred in failing to sustain appellants Brooks Ditto, Billy Pembleton, and Karina Castaneda's (collectively "appellants" unless otherwise identified) jurisdictional challenges.   We reverse and remand.

## I.    BACKGROUND

Judith and Jessy Campos sued appellants and others [1] related to issues surrounding Jessy and Castaneda's biological son.   The child at issue is unnamed and not fully identified in the pleadings below—however, the pleadings identify Judith as the child's stepmother and Jessy and Castaneda as the child's biological parents. According to the pleadings, Judith and Jessy suspected that Castaneda or others were abusing the child while the child was in Castaneda's care.   These suspicions led the Camposes to place a small recording device in the child's shoe when the child visited Castaneda.

Castaneda, who is a police officer with the Weslaco Police Department, discovered the recording device and filed charges against Jessy with the Weslaco Police Department.   According to the Camposes' pleadings, Castaneda then "used her position as a police officer" with the Weslaco Police Department and the cooperation and complicity of Castaneda's fellow police officers Ditto and Pembleton to effect Jessy's arrest.   Judith and Jessy sued appellants related to the arrest and alleged causes of action for malicious prosecution and abuse of process.   Judith and Jessy asserted damages resulting from the alleged wrongful acts, including loss of consortium, past and future pain and suffering, and past and future mental anguish.

Appellants answered the Camposes' lawsuit and asserted defenses of governmental, sovereign, and official immunity.   Appellants later filed a Rule 91a Motion

---

[1] The other defendants who are not parties to this appeal include: Seashell Germaine and Danny Elizondo.

to Dismiss, *see* TEX. R. CIV. P. 91a, alleging that the Camposes' allegations have no basis in law because the allegations against appellants in their individual capacities should be dismissed and immunity bars the Camposes' causes of action against appellants in their official capacities. Appellants then filed a plea to the jurisdiction, reiterating the arguments contained in their Rule 91a motion to dismiss. The trial court subsequently denied appellants' plea to the jurisdiction as well as their Rule 91a motion to dismiss, and these two appeals ensued.[2]

## II. PLEA TO THE JURISDICTION

By their first issue, appellants assert that the trial court erred by denying their plea to the jurisdiction.

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Subject-matter jurisdiction is essential to a court's power to decide a case. *Id.* 554–55. Whether a court has jurisdiction is a question of law that is reviewed de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence in the record that is relevant to the jurisdictional issue. *City of Elsa*, 325 S.W.3d at 625.

---

[2] In appellate cause number 13-15-00517-CV, appellants appeal the denial of their plea to the jurisdiction, and in appellate cause number 13-15-00523-CV, appellants appeal the denial of their Rule 91a motion to dismiss. We consolidated the cases for briefing. Despite an order from this Court to do so, the Camposes did not file a brief in this appeal.

3

We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should be afforded the opportunity to amend. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 226–27. However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do so. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* at 228.

## B. Discussion

### 1. Capacity of the Appellants

Appellants argue that because the Camposes have sued them for actions taken as law enforcement officers acting within the course and scope of their employment as Weslaco city police officers, any actions against them individually must be dismissed. We agree.

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee

4

shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West, Westlaw through 2015 R.S.). The civil practice and remedies code defines "scope of employment" as the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority. *See id.* § 101.001(5) (West, Westlaw through 2015 R.S.).

First, the Camposes' petition clearly states that Castaneda "used her position as a police officer with the Weslaco police department and had the Weslaco police department file charges against and obtain the arrest of . . . Jessy Campos." Furthermore, the appellants attached two pieces of undisputed evidence relevant to our jurisdictional inquiry. The first is a notice of claim letter under civil practice and remedies code section 101.101 sent by the Camposes' attorney to then-Weslaco Mayor David Suarez related to this litigation. *See id.* § 101.101 (West, Westlaw through 2015 R.S.) (mandating a notice of claim procedure for actions brought against governmental units describing the damage or injury that occurred, the time and place of the incident, and the incident). In the letter, the Camposes state that Castaneda "used her title, under the color of law, with the Weslaco Police Department to pursue this frivolous, nonsensical, criminal complaint against Jessy Campos." Additionally, the notice of claim alleges that Pembleton and Ditto acting as Weslaco police officers "assisted [Castaneda in] carry[ing] out this miscarriage of justice" that caused the Camposes harm. The second piece of jurisdictional evidence is an affidavit signed by Ted Walensky, the assistant police chief for the Weslaco Police Department. Walensky stated in his affidavit that he is familiar

with the Camposes' lawsuit and further asserted that "all actions taken by [the appellants] as to the investigation of and arrest of Jessy Campos . . . ." related to actions in which the appellants were "wholly and completely within the course and scope of their employment with the City of Weslaco as police officers." Finally, Walensky asserted that the tasks performed by the appellants related to this lawsuit were "tasks lawfully assigned to them by the City of Weslaco police department, and . . . not undertaking any independent course of conduct not intended by the City of Weslaco police department."

Therefore, after construing the Camposes' petition and factual assertions liberally, we conclude that they implicated the appellants' conduct within the scope of their employment as Weslaco city police officers. As a result, we consider this to be a lawsuit against the appellants in their official capacities only. *See id.* § 101.106(f).

### 2. Immunity from the Camposes' Claims

Generally, an employee sued in his official capacity, as here, has the same governmental immunity, derivatively, as his government employer. *See Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009) (noting the *ultra vires* exception). The Texas Tort Claims Act does not waive immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West, Westlaw through 2015 R.S.). In this case, Campos asserted claims of malicious prosecution and abuse of process, both of which are intentional torts, which entitle the appellants to immunity. *See City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ) (recognizing malicious prosecution as an intentional tort); *see also Sampson v. Tex. Dep't of Pub. Safety*, No. 09-12-005237-CV, 2013 WL 3488255, at *1 (Tex. App.—Beaumont July 11, 2013, no pet.) (mem. op.)

(recognizing abuse of process as an intentional tort). Therefore, we hold that the appellants are entitled to immunity against the Camposes' claims. We further conclude that the trial court erred in denying the appellants' plea to the jurisdiction. We sustain the appellants' first issue.

### III.    CONCLUSION

We reverse the trial court's order denying the appellants' plea to the jurisdiction and remand the case to the trial court for entry of an order dismissing the Camposes' lawsuit. Because our decision in cause number 13-15-00517-CV disposes of the underlying case, grants appellants their desired relief, and renders the issue in cause number 13-15-00523-CV moot, we need not analyze the issue appealed in cause number 13-15-00523-CV. *See* TEX. R. APP. P. 47.1.

GINA M. BENAVIDES,
Justice

Delivered and filed the
23rd day of November, 2016.

7