In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00374-CV
_____

**MONTY JONES, Appellant**

**V.**

**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-188,922**

**MEMORANDUM OPINION**

Monty Jones appeals the trial court's order granting Port Arthur Independent

School District's (PAISD) plea to the jurisdiction and dismissing his claims.[1] In two

---

[1] Jones's notice of appeal addresses only the trial court's order granting Port Arthur Independent School District's plea to the jurisdiction and motion to dismiss; his brief, however, raises two issues, the second of which addresses the trial court's order granting Brown and Thornton's plea to the jurisdiction. An appellant is required to identify the order appealed from in the notice of appeal. Tex. R. App. P. 25.1(d).

1

issues on appeal, Jones argues that: (1) the district court erred in granting PAISD's plea to the jurisdiction and motion to dismiss, and (2) the district court erred in granting Dr. Johnny Brown and Beverly Thornton's plea to the jurisdiction and motion to dismiss.[2]

## Background

In his underlying suit, Jones asserted PAISD, Brown, and Thornton violated his right of free speech under article I, section 8 of the Texas Constitution and his right to due course of law pursuant to article I, section 19 of the Texas Constitution, by terminating his employment. In his response to PAISD's plea to the jurisdiction, Jones confirmed he only pleaded violations of his constitutional rights for which he sought declaratory and injunctive relief. In connection with his claims, Jones outlines many perceived wrongful actions against him, but we confine our review to the causes of action Jones actually pleaded.

---

[2] Because Jones failed to identify the order granting Brown and Thornton's plea to the jurisdiction in his notice of appeal, we do not address that issue in this opinion. *See* Tex. R. App. P. 25.1(d). However, due to Jones's live pleading only asserting claims against Brown and Thornton in their official capacities, the outcome of this appeal is unaffected.

Jones was employed as a computer technician for PAISD's Technology Department from February 9, 2004, to May 29, 2009.[3] While employed by PAISD, Jones was supervised by the Executive Director of Technology, Beverly Thornton. Thornton reported directly to Superintendent Brown. In his second amended petition[4], Jones claimed that Thornton secured millions of dollars in federal aid by deceptive means following Hurricanes Rita and Ike. Jones alleged Thornton "devised a scheme to trick FEMA" to obtain money to replace computers that were not actually damaged in the hurricanes. Jones claimed that he refused to participate in the mass destruction of PAISD property, and he made his opposition clear by his "silent disapproval." During the first hearing on the plea to the jurisdiction, Dr. Brown testified he did not know before Jones's termination that Jones told coworkers about fraudulently destroyed computers. Dr. Brown further testified he only learned Jones told coworkers about the computers after Jones filed suit.

As part of his job, Jones was responsible for acquiring sealed and anonymous bids to replace PAISD computer scanners. Jones claimed Thornton pressured him to

---

[3] Jones alleged in his second amended petition that he was employed by PAISD until June 2, 2009; however, Dr. Brown's letter terminating Jones indicates the termination became effective on May 29, 2009.

[4] Jones's second amended petition was his live pleading at the time the trial court granted PAISD's plea to the jurisdiction.

provide inside information to one of her friends, a private contractor, to ensure he received the contract. When Jones refused, Thornton allegedly retaliated.

Jones asserted he was increasingly harassed beginning in July of 2008 following the bidding process. Jones found vulgar notes on his desk, items missing from his desk, and his locker forced open and belongings ransacked. Jones pleaded that he reported the harassment to Thornton, but she failed to investigate. On January 6, 2009, Jones found a hangman's noose fashioned out of a piece of cable in a box on his desk. Jones contacted Thornton the following morning to speak with her about it, but she instructed him to come by her office on January 16, 2009, because she wanted to speak with him as well. During the January 16 meeting, Thornton offered to relocate Jones to Memorial High School campus and indicated she would like to pay him an additional stipend, and Jones asked for time to think about the offer. Jones did not bring up the noose he found on his desk during the meeting for fear of being overheard by a co-worker, so later the same day, Jones sent Thornton an email regarding the noose on his desk, the messages, and lock tampering on his locker. Within an hour, Thornton called Jones about the email he sent, and he informed her he planned to submit a written report of the harassment. Following submission of his report, Jones met with Thornton and PAISD's Director of Personnel, Jimmy Wyble. Jones subsequently provided Wyble with pictures of the noose, harassing

4

messages, and the tampered locker. Jones advised he viewed the noose as a hate crime, and he wanted the harassment to cease or he would seek legal advice.

In a meeting on March 2, 2009, Thornton informed Jones that an investigation revealed no wrongdoing had been committed against him. Jones alleged Thornton changed the direction of the meeting, reprimanded him, and called him a stalker, after which he abruptly left the meeting. Later that day, Thornton sent Jones a document regarding his transfer from district computer technician to campus technician, along with a directive requiring Jones to "cease from stalking and . . . taking pictures of staff members without their consent during work hours." Jones responded to Thornton's directives and asked her to remove the reference to "stalking," which Thornton declined. In a separate letter dated March 2, 2009, Dr. Brown placed Jones on administrative leave with pay for ninety days citing his insubordination, failure to follow procedures, disorderly and disruptive conduct, taking unsolicited pictures of employees, throwing garbage into the back of a vendor's truck, and storming out of a conference. Thornton testified during the first hearing on the plea to the jurisdiction that she was concerned about Jones's integrity and his storage of confidential information on his computer that he should not possess.

On April 9, 2009, Jones filed a grievance complaining about Thornton and the events that occurred between January 6, 2009, and March 2, 2009. On May 7, 2009, Thornton and PAISD's attorney met with Jones again and inquired about photographs Jones had taken of Dr. Brown's home while installing the school's electronic equipment. On June 2, 2009, Jones received a letter of discharge from PAISD signed by Dr. Brown. On June 8, 2009, Jones filed a charge of discrimination against PAISD with the EEOC and the Texas Workforce Commission.

Jones filed four grievances through PAISD's administrative process appealing his suspension and termination, which were denied. Jones's amended level one complaint form regarding his termination by PAISD alleged his "termination constitute[d] retaliation for [his] having filed a harassment complaint with [his] supervisor and filing a grievance, challenging the same."

The trial court held two evidentiary hearings on the plea to the jurisdiction. During the first hearing, Thornton testified Jones was terminated because of insubordination, being disgruntled with other computer technicians, not following protocol, and breaching confidentiality. Various documents from both Jones and PAISD pertaining to Jones's employment, termination, and grievances were also admitted at the hearings. The trial court ultimately granted PAISD's plea to the jurisdiction, and this appeal ensued.

6

## Standard of Review

A court may not decide a case unless it has subject-matter jurisdiction. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction challenges the trial court's power to exercise subject matter jurisdiction. *Id.*; *City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). A plea to the jurisdiction is a dilatory plea typically used to defeat a plaintiff's cause of action without regard to whether the claims have any merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings to establish waiver of governmental immunity, and thereby establish jurisdiction. *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015). Therefore, we must first determine whether Jones pled a facially valid constitutional claim.

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Miranda*, 133 S.W.3d at 225–26 (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999)). Whether a court has subject matter jurisdiction is a question of law we review *de novo*. *See id.* at 226; *Klumb*, 458 S.W.3d at 8. When doing so, we examine the factual allegations contained in the pleadings and evidence presented relevant to jurisdiction. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625–26 (Tex. 2010);

7

*Bland*, 34 S.W.3d at 555. When pleadings are challenged by a plea to the jurisdiction, a court must determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction, and the court must liberally construe the pleadings. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). If pleadings do not contain sufficient facts to establish jurisdiction or demonstrate incurable defects, plaintiffs should be given the opportunity to amend. *Id.* at 226–27; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If pleadings affirmatively negate the existence of jurisdiction, a court may grant a plea to the jurisdiction without giving the party an opportunity to amend. *Miranda*, 133 S.W.3d at 227; *Brown*, 80 S.W.3d at 555. "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227 (citing *Bland*, 34 S.W.3d at 555). In such a situation, a trial court's review of a plea to the jurisdiction is similar to a traditional motion for summary judgment. *Id.* at 228; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). The defendant must meet the initial burden to meet the summary judgment proof standard for its assertion the trial court lacks jurisdiction. *Garcia*, 372 S.W.3d at 635. If the defendant meets this burden, the plaintiff must then show that a disputed

8

material fact issue exists regarding the jurisdictional issue. *Id.* If a fact issue exists, the court should deny the plea. *Id.* On the other hand, if the relevant evidence is undisputed or the plaintiff fails to raise a fact question, the trial court should grant the plea. *Id.*

In the present case, the court conducted an evidentiary hearing on PAISD's plea to the jurisdiction. Therefore, we will examine Jones's live pleading at the time of the trial court's ruling, along with the evidence pertaining to the jurisdictional issue. *See id.*; *City of Elsa*, 325 S.W.3d at 625–26; *Bland*, 34 S.W.3d at 555.

**Analysis**

Jones argues the trial court erred in granting PAISD's plea to the jurisdiction. Jones contends the trial court had subject matter jurisdiction over his state constitutional claims for declaratory and injunctive relief because PAISD terminated him without due process in retaliation for exercising his right to free speech and deprived him of a property interest in continuing to work as a computer technician.[5] Jones's claims required him to present the trial court with sufficient pleadings and evidence to show PAISD violated these constitutional rights. *See Jackson v. Port*

---

[5] While Jones repeatedly mentions "retaliation," the pleadings are clear that he is not making a retaliation claim under the Texas Commission on Human Rights Act, and his causes of action are limited to purported constitutional violations.

9

*Arthur Ind. Sch. Dist.*, No. 09-15-00227-CV, 2017 WL 1425589, at *3 (Tex. App.—Beaumont Apr. 20, 2017, no pet.) (mem. op.).

Sovereign immunity defeats a trial court's subject matter jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. *Garcia*, 372 S.W.3d at 636; *Jones*, 8 S.W.3d at 639. Under this doctrine, a school district is immune from suit because it is a governmental unit. *Garcia*, 372 S.W.3d at 636 "[S]overeign immunity does not bar a suit to vindicate constitutional rights[.]" *Klumb*, 458 S.W.3d at 13 (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). However, if the constitutional claims are facially invalid, immunity from suit is not waived. *Id.* (citing *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011)).

## A. Free Speech Claims

Jones's first cause of action asserts PAISD violated his right of free speech protected by article I, section 8 of the Texas Constitution. *See* Tex. Const. art. I, § 8. Article I, section 8 mandates "[e]very person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." *Id.* Generally, with the exception of prior restraints of speech, the Texas Constitution's free-speech clause does not afford a plaintiff greater rights than the First Amendment

10

to the United States Constitution. *See generally Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003); *Operation Rescue–Nat'l v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 975 S.W.2d 546, 557–600 (Tex. 1998); *Compton v. Port Arthur Ind. Sch. Dist.*, No. 09-15-00321-CV, 2017 WL 3081092, at *3 (Tex. App.— Beaumont July 20, 2017, no pet.) (mem. op.); *Jackson*, 2017 WL 1425589, at *4.

A facially valid claim that his right to free speech was violated required Jones to plead and allege facts, if true, showing that: (1) his speech involved a matter of public concern, (2) his interest in speaking on such matters outweighed PAISD's interest in promoting efficiency, and (3) his speech was the motivating factor in an adverse employment action taken against him. *See Thompson v. City of Starkville, Miss.*, 901 F.2d 456, 460 (5th Cir. 1990) (citing *Frazier v. King*, 873 F.2d 820, 825 (5th Cir. 1989)). An absolute guarantee of free speech is not contained in the First Amendment nor does it create property rights. *Bd. of Cty. Comm'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 675 (1996). Rather, the First Amendment "protects government employees from termination *because of* their speech on matters of public concern." *Id.* (citing *Connick v. Myers*, 461 U.S. 138, 146 (1983)). When an employee speaks not as a citizen on matters of public concern, but as an employee upon matters of personal interest, generally a court is not the appropriate forum to handle a personnel decision. *Connick*, 461 U.S. at 147. Even speech that

11

implicates some degree of public concern must be examined in context of the whole record. *Id.* at 147–48. Speech made privately between a speaker and his employer rather than in the context of public debate is generally not of public concern. *See, e.g., Bradshaw v. Pittsburg Indep. Sch. Dist.*, 207 F.3d 814, 817–18 (5th Cir. 2000) (holding that because plaintiff expressed concerns in internal grievances rather than in a public announcement weighed against finding the speech was public in nature).

After PAISD filed its plea to the jurisdiction, but before the trial court ruled, Jones amended his petition twice. In his second amended petition, Jones asserted he was terminated "in response to refusing to perform illegal actions, reporting terroristic harassment . . . and for fabricated reasons[.]"[6] Jones claimed his PAISD supervisor pressured him to do what he perceived to be illegal acts in an effort to obtain federal aid following two natural disasters. Jones asserted he declined to perform the acts "at first passively then refus[ed] to perform the acts," after which Thornton retaliated against him and allowed other employees to harass him. Jones claimed Thornton was aware that he objected strongly to the fraud being committed. Despite this conclusory allegation, Jones does not plead facts alleging who he told of his objection. Moreover, during the hearings on the plea to the jurisdiction, Jones

---

[6] Jones complains his reports of numerous perceived harassing acts by fellow employees were disregarded by his PAISD supervisor. As these reports are not "matters of public concern," we do not address them.

12

did not provide any evidence establishing he advised anyone (at work or otherwise) of his objections regarding how his PAISD supervisor allegedly procured federal aid, thereby exercising his constitutional right of free speech. Jones indicated in his second amended petition that his opposition was clear by "his silent disapproval." Testimony of Dr. Brown at the hearings on the plea to the jurisdiction indicates that he did not learn of Jones's complaints regarding the destruction of computers and procurement of federal aid until *after* Jones was terminated. On this record, Jones failed to meet his burden of showing he engaged in speech primarily as a citizen involving a matter of public concern. *See Thompson*, 901 F.2d at 460. Instead, he has only shown speech made privately between him and his employer.

Jones also complained the bidding process for technology contracts within PAISD was not kept confidential. Jones asserted Thornton and a private contractor engaged in harassment and retaliation following Jones's refusal to recommend him for a bid. The record indicates the contractor communicated with Jones about the bid, and those communications became heated. Jones admitted his job duties included acquiring bids and making a recommendation to PAISD based on the bids received. We conclude this matter fell within Jones's official duties with his employer and Jones's speech in a private forum while he wore the hat of a PAISD employee obtaining bids for district equipment did not touch on matters of public

13

concern. *See Turner v. Perry*, 278 S.W.3d 806, 816 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006)); *see also Compton*, 2017 WL 3081092, at *4.

In addition to the foregoing complaints in his live pleading, on appeal Jones focuses on the following acts arguing that they are protected speech: (1) reporting perceived hate crimes/harassment to Thornton and Wyble on January 16, 2009, when he told them about a hangman's noose placed on his desk, damage done to his personal locker, and an ominous note on his computer screen; (2) refusing to be silent and withhold reporting of what he perceived to be evidence of hate crimes/acts when Thornton and Wyble discouraged him; and (3) his grievance/complaint that Thornton had called him a stalker and a filer of a bad-faith false report when PAISD had no credible evidence to the contrary in response to Jones's report about a perceived hate crime. Jones conflates the elements of a retaliation claim with establishing a facially valid constitutional free speech claim, although his pleadings make it evident he is only attempting to assert claims for constitutional violations. Elements of a retaliation claim require an employee to show: (1) the employee engaged in an activity protected by the Texas Commission on Human Rights Act, (2) the employee experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Compare Alamo*

*Heights Ind. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018), *with Thompson*, 901 F.2d at 460 (outlining the requirements of a facially valid free speech claim). While Jones complains of many instances of alleged misconduct in his brief, most are irrelevant to establishing a valid constitutional claim. None of the reports Jones made internally to his superiors at PAISD fall within constitutionally protected speech, as he was not speaking out as a citizen addressing a matter of public concern. *See Garcetti*, 547 U.S. at 417; *Connick*, 461 U.S. at 143; *Bradshaw*, 207 F.3d at 817–18. In order for the speech to rise to the level of "public concern," Jones had to speak primarily as a citizen rather than an employee. *See Dodds v. Childers,* 933 F.2d 271, 273 (5th Cir. 1991). Nothing in the pleadings or in the record establishes Jones spoke primarily as a citizen rather than an employee. *See id.*

We conclude Jones failed to plead sufficient facts or establish through jurisdictional evidence that he engaged in constitutionally protected speech allowing him a valid constitutional claim against PAISD.[7] *See Klumb*, 458 S.W.3d at 13.

**B. Due Course of Law**

---

[7] Jones has not claimed he did not have the opportunity to amend his pleading. *See Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).The record indicates he amended his petition twice following PAISD's initial filing of its plea to the jurisdiction on June 26, 2012.

Jones argues PAISD violated his right to due course of law guaranteed by the Texas Constitution. *See* Tex. Const. art. I, § 19. In matters of procedural due process, Texas traditionally follows federal interpretations of procedural due process. *See Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). Before any substantive or procedural due process rights attach, Jones must show he has a property interest entitled to constitutional protection. *See id.*; *Klumb*, 458 S.W.3d at 15; *Lamar Univ. v. Jenkins*, 09-17-00213-CV, 2018 WL 358960, at \*5 (Tex. App.—Beaumont Jan. 11, 2018, no pet.) (mem. op.). A protected property interest in employment exists only when an employee has a "'legitimate claim of entitlement'" to employment. *Trostle v. Combs*, 104 S.W.3d 206, 211 (Tex. App.—Austin 2003, no pet.) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 576–77 (1972)). "The presumption that employment in Texas is at will is difficult to overcome." *Id.* Absent a contrary agreement, employment may be terminated by either party for a good reason, a bad reason, or no reason at all. *Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

Jones has not established a valid property interest entitling him to the constitutional protections of due course of law. There is nothing in his live pleading or in the record to indicate he had an employment contract or any other express

16

agreement with PAISD that would take him out of an at-will employment situation. On appeal, Jones acknowledges he had no employment contract with PAISD.

Because Jones has failed to demonstrate he engaged in constitutionally protected speech or that the he had a protected property interest, we overrule his issue on appeal.

## C. Uniform Declaratory Judgment Act

Under the Texas Declaratory Judgment Act, a party "whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015). The Act does not enlarge a trial court's jurisdiction, but provides a remedy when the trial court already has jurisdiction. *Heinrich*, 284 S.W.3d at 370. Because we have already concluded Jones did not plead facts that would establish a facially valid constitutional claim implicating the trial court's jurisdiction, he is not entitled to relief under the Act. *See id.*

## Conclusion

We conclude Jones has not established through his live pleading or jurisdictional evidence that he has any cognizable claim for violations of his

17

constitutional rights that would trigger the trial court's jurisdiction. Having overruled Jones's issue, we affirm the trial court's order granting PAISD's plea to the jurisdiction and dismissing Jones's claims.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 1, 2018
Opinion Delivered June 28, 2018

Before McKeithen, C.J., Kreger, and Johnson, JJ.