

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00265-CV

**CITY OF VALLEY MILLS, TEXAS,**

Appellant

 **v.**

**WILLIAM CHRISMAN**
**AND DARRIN TROXELL,**

Appellees

**From the 220th District Court**
**Bosque County, Texas**
**Trial Court No. CV18005**

## MEMORANDUM OPINION

The City of Valley Mills (Valley Mills) brings this interlocutory appeal complaining of the trial court's denial of its plea to the jurisdiction. In a single issue, Valley Mills contends that William Chrisman (Chrisman) and Darrin Troxell (Troxell) failed to adequately allege or present jurisdictional facts in support of their claims under the Texas Whistleblower Act.[1] We will reverse and remand for further proceedings.

---

[1] *See* TEX. GOV'T CODE ANN. § 554.002.

Chrisman and Troxell sued for wrongful retaliation under the Whistleblower Act after their employment with Valley Mills was terminated on July 26, 2017. Their termination occurred when a dispute arose over the taking of Chrisman's and Troxell's deer feeders that were located on Valley Mills' city-owned property. The city administrator, William Linn (Linn), had the deer feeders removed from Valley Mills' sewer plant property and placed next to the city hall. Once Chrisman and Troxell discovered the deer feeders had been removed, they went to Linn to retrieve the feeders. Linn refused to return the deer feeders. The incident was reported to the mayor by Chrisman and to the chief of police by Troxell. Ultimately, Chrisman and Troxell were asked by Linn to sign a release of liability before he would return the deer feeders. Chrisman and Troxell were both terminated from Valley Mills city employment after they refused to sign the release.

Valley Mills' plea to the jurisdiction contends the city is shielded from suit by the defense of sovereign or governmental immunity thereby depriving the trial court of subject matter jurisdiction. Valley Mills asserts that Chrisman and Troxell failed to plead or present jurisdictional facts which raise a genuine issue of material fact in support of the requisite elements of a claim under the Texas Whistleblower Act. More specifically, Valley Mills asserts that Chrisman and Troxell failed to plead and present jurisdictional facts (1) that their belief that a Valley Mills employee violated the law was objectively

reasonable[2] and (2) that their alleged report of a violation of the law was made in good faith to an appropriate law-enforcement authority.

This court has jurisdiction to review an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). A plea to the jurisdiction is a dilatory plea, filed to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Additionally, a plea to the jurisdiction based on sovereign immunity challenges a trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Sovereign immunity has two component parts: immunity from suit and immunity from liability. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Absent the state's consent to be sued, a trial court lacks subject matter jurisdiction. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). Therefore, if a governmental entity is sued without legislative consent, the trial court should grant the governmental entity's plea to the jurisdiction. *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011).

If a plea questions the trial court's jurisdiction, it raises a question of law that is reviewed de novo. *Miranda*, 133 S.W.3d at 226. Customarily a plea to the jurisdiction

---

[2] Valley Mills' brief sets forth in a single issue that Chrisman and Troxell failed to plead and present jurisdictional facts sufficient to bring their claims within the Texas Whistleblower Act. The single issue is divided into two sub-issues the first of which questions whether "the pleading and jurisdictional facts raise a fact issue supporting the Whistleblower Act requirement of a good faith report of a violation of law by the City (or one of its employees). In other words, was William Chrisman's and Darrin Troxell's asserted belief—that the conduct reported was a violation of the law—objectively reasonable?" We will interpret this sub-issue as a challenge to pleading or presentation of jurisdictional facts of objective reasonableness even though good faith has a subjective and objective component.

challenges whether facts have been alleged that affirmatively demonstrate the court's jurisdiction to hear the case. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam). In conducting our review, we construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Miranda*, 133 S.W.3d at 226–27. The plaintiff has the burden to plead facts affirmatively showing the trial court has subject-matter jurisdiction. *Id.* at 226. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Blue*, 34 S.W.3d at 555. If a plea to the jurisdiction challenges jurisdictional facts, the court can consider evidence necessary to resolve any dispute over those facts even though the facts implicate the merits of the cause of action. *Garcia*, 372 S.W.3d at 635. In considering this evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228. If evidence does create a fact question on a jurisdictional issue, the trial court cannot grant the plea to the jurisdiction. *Id.* at 227–28. The fact issues will then need to be resolved by the finder of fact. *Id.* at 228. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* If pleadings affirmatively negate the existence of jurisdiction, then a plea may be granted without allowing an opportunity to amend. *Id.* at 227.

Legislative consent to sue and waive immunity at issue in this case is found in chapter 554 of the Government Code. Section 554.0035 provides:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

TEX. GOV'T CODE ANN. § 554.0035.

The jurisdictional elements of an individual seeking waiver of immunity are set forth in section 554.002 of the Government Code as follows:

> (a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.
>
> (b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:
>
> > (1) regulate under or enforce the law alleged to be violated in the report; or
> >
> > (2) investigate or prosecute a violation of criminal law.

*Id.* § 554.002.

A report of a violation of law under the Whistleblower Act must be in "good faith."

*Id.* The term "good faith" means:

> . . . that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience. The first part of the definition embodies the "honesty in fact" part of the trial court's definition in this case. This element ensures that employees seeking a remedy under the

Whistleblower Act must have believed that they were reporting an actual violation of law. The second part of the definition ensures that, even if the reporting employee honestly believed that the reported act was a violation of law, an employer that takes prohibited action against the employee violates the Whistleblower Act only if a reasonably prudent employee in similar circumstances would have believed that the facts as reported were a violation of law.

*Wichita County v. Hart*, 917 S.W.2d 779, 784-85 (Tex. 1996).

Chrisman's and Troxell's Second Amended Original Petition reads, in part, as follows:

On or about July 25 and 26, 2017, plaintiffs reported violations of law by the City's Administrator to appropriate law enforcement authorities; plaintiffs' reports were made in good faith.

Specifically, on July 25 and 26, 2017, prior to their terminations, plaintiffs reported to the Mayor, the City Administrator's supervisor, and members of the Valley Mills Police Department that the City Administrator had taken their personal property without their consent and refused to return it to them, thereby depriving them of their personal property. The facts contained in plaintiffs' reports constituted reports of (1) a theft, (2) a civil conversion, (3) a violation of the Texas Theft Liability Act, and/or (4) a denial of plaintiffs' constitutionally protected property rights without due process of law.

The questions to be resolved are whether Chrisman and Troxell allege and present facts that their belief that the reported violation of the law was reasonable in light of their training and experience; and whether they in fact believed their report of an alleged violation of the law was made to an appropriate law-enforcement authority and that belief was reasonable in light of their training and experience.

Here, the pleadings allege that the reported violations of law were made in "good faith"; however, there are no facts alleged or presented that Chrisman's and Troxell's belief that the conduct reported was a violation of the law and was reasonable in light of

their training and experience. Furthermore, the pleadings allege that the report of an alleged violation of the law to an appropriate law-enforcement authority was made in "good faith," but there are no facts alleged or presented that Chrisman or Troxell honestly believed that they were reporting to an appropriate law-enforcement authority or that their belief was reasonable in light of their training and experience. The pleadings and the affidavits of Chrisman and Troxell assert only in a conclusory fashion that their actions were in "good faith."

> Pleading jurisdictional facts is not reviewed under a heightened pleading standard, nor is a plaintiff required to reveal the evidence in support of its claims. [*Miranda*, 133 S.W.3d] at 230. Instead, our review looks to the plaintiff's intent, construing the pleadings liberally in favor of jurisdiction and accepting the *non-conclusory* statements in the pleadings as true. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010) [(per curiam)]; [*State v.*] *Lueck*, 290 S.W.3d [876,] 884 [(Tex. 2009)].

*Hennsley v. Stevens*, 613 S.W.3d 296, 302-03 (Tex. App.—Amarillo 2020, no pet.) (emphasis added).

Vague and conclusory statements within a pleading are insufficient to support jurisdiction; otherwise, the jurisdictional inquiry would become meaningless. *See Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007). An affidavit that recites all actions taken were in good faith may not be considered as summary judgment proof. *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 779-80 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (citing *Thomas v. Collins*, 960 S.W.2d 106, 113 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)); *see also Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997) (holding that expert's conclusory statements regarding officer's good faith were insufficient to support or defeat summary judgment).

If the pleadings contain insufficient factual allegations to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable jurisdictional defects, then the plaintiff must be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27.

We reverse the denial of Valley Mills' plea to the jurisdiction and remand the case to the trial court to allow Chrisman and Troxell the opportunity to plead and/or present sufficient facts to allow the trial court to determine whether subject-matter jurisdiction has been invoked under the Whistleblower Act.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
Reversed and remanded
Opinion delivered and filed May 5, 2021
[CV06]

